MARGARET MANNING, as Administratrix, etc., Respondent, v. JOHN HOGAN, Appellant.

(Argued October 10, 1879; decided November 11, 1879.)

THIS was an action to recover damages for the death of Daniel Manning, plaintiff's intestate, who was killed by the falling of a scaffold, erected for the purpose of doing the plaster work on the building known as the Museum of Natural History, in the Central Park, New York city.

One Mahoney was the contractor with the city for the work. Mahoney, before the work was begun, executed an assignment to defendant of "all the moneys due or to grow due in and by virtue of the contract." Plaintiff's evidence was to the effect that defendant declared he was obliged to carry out the contract to protect himself, that he had become personally liable by his own agreement for materials for the work, that he was present at the building from time to time, advanced the money to pay the workmen, and assisted at times in paying them, that Mahoney acted as and declared himself to be foreman, and that defendant received all the money that was paid by the city on the contract. *Held,* that these circumstances were sufficient to authorize the submission to the jury of the question as to whether or not defendant was the person actually carrying on the work; and that therefore such submission was not error.

The deceased was at work on the scaffold at the time of the accident; it was proved that he had applied for work, that his name was on the pay-roll for the labor of that half day, and that payment was made for it. Mahoney denied that he had set him to work. *Held,* that it was a question of fact for the jury as to whether the deceased was rightfully upon the scaffold.

There was evidence, on the part of plaintiff, that it was a particular branch of mechanical occupation to put up such scaffolds; that the persons employed to build this scaffold were not of that occupation; that the scaffold was built of insufficient material both in quality and quantity. *Held,* that the question of negligence in building the scaffold was for the jury, that it was not sufficient that there was enough of suitable material provided to build the scaffold. It needed that there should be skill and judgment in the use thereof.

*Samuel Hand* for appellant.

*John R. Dos Passos* for respondent.

*Per Curiam* opinion for affirmance.

All concur.
Judgment affirmed.