Bradbury *et al. v.* Goodwin.

Filed Nov. 23, 1886.

---

No. 12,711.

BRADBURY ET AL. *v.* GOODWIN.

MASTER AND SERVANT.—*Negligence.—Defective Appliances.—Injury of Servant.—Liability of Master.* — An employer who takes personal supervision of work, and provides defective or insufficient structures or appliances to be used in its accomplishment, is liable to an employee who, without fault on his part, sustains an injury by reason of the defective instrumentalities.

SAME.—*Right of Servant to Rely on Safety of Appliances.*—One employed in a hazardous undertaking, over which the employer exercises personal

supervision, has the right to rely on the safety and sufficiency of the instrumentalities provided for the accomplishment of the work, unless their defectiveness is so glaring as to be open to the observation of prudent men.

SAME.—The defendant, desiring to move a heavy iron safe from his office in the second story of a building to another building, constructed an anchorage of framework at the head of the stairway leading to the street, to which ropes and pulleys were attached, to control the descent of the safe.    Afterwards the plaintiff was called in and directed by the defendant to take a position in front of the safe, to assist in lowering it.    The frame work gave way and the.plaintiff was injured. *Held,* that he can recover.

From the Wayne Circuit Court.

*J. F. Kibbey, J. H. Kibbey, T. J. Study* and *H. U. Johnson,* for appellants.

*A. L. Study, H. C. Fox* and  *L. C. Abbott,* for appellee.

MITCHELL, J.—The following are the material facts as they appear in the complaint in this case : On the 23d day of July, 1884, William H. and Wilbern K. Bradbury were engaged in the real estate and insurance business, under the firm name of Wm. H. Bradbury & Son.   They occupied an office in the second story of a building adjoining the Second National Bank building, situate on Main street, in the city of Richmond.

Being about to change their business location, they employed the plaintiff, George W. Goodwin, to assist in removing their heavy iron safe from the room theretofore occupied to another, into which they proposed to move their office, furniture and business.    Preparatory to the removal of the safe, the defendants constructed an anchorage of framework, at the head of the stairway leading from the second story of the building out of which they proposed to move, out on to Main street.    To the framework so constructed, ropes and pulleys were attached, by means of which it was intended to control the descent of the safe from the head of the stairway to the foot thereof, and to the sidewalk below.

At the time Goodwin was employed to assist, the frame-

work had been constructed, the safe had been moved out of the office to the landing at the head of the stairway, and the ropes and pulleys had been adjusted to the safe.

The plaintiff alleges that the defendants then directed him and another employee to take their places in front of the safe, and assist in moving it down the stairway on a wooden track or tramway, which had been prepared for the purpose, and that being assured that the framework and appliances so prepared were safe and sufficient, and relying on such assurances, he entered upon the work, in front of the safe as directed. It is charged that the framework and appliances were so negligently and unskilfully constructed and arranged, as that when the weight of the iron safe came upon it the framework broke and gave way, and precipitated the safe down the stairway upon the plaintiff, who, without any fault, sustained grievious bodily injury, necessitating the amputation of one of his legs, midway between the ankle and knee.

The sufficiency of this complaint was challenged by a demurrer, which was overruled.

The facts put forward in the complaint bring the case fully within the rule which holds a master guilty of negligence, who takes the personal supervision of work, and provides, or causes to be provided, defective or insufficient structures or appliances, which are to be used in the accomplishment of the work proposed. The cases uniformly affirm the doctrine that a servant, who, without fault, sustains an injury in the use of means and instrumentalities so provided, may look to the master for redress.

Where one employs others to work under his direction, giving those employed no charge or responsibility in regard to the appliances to be used, or the result to be accomplished, the responsibility for both remain with the employer.

Having assumed the supervision of a hazardous undertaking, in the performance of which he has employed or invited others to assist, those employed have the right to rely on the safety and sufficiency of the instrumentalities provided, un-

less their defectiveness is so glaring as to be open to the observation of prudent men.

For example, when one undertakes to build a staging, or to have it built under his direct personal supervision, he is liable for an injury resulting from any defect or insufficiency in the structure, which might have been avoided and made good by the exercise of due care. In such a case, it is not enough that suitable material has been provided. It is necessary that proper skill and judgment should have been employed in the use thereof. If these were not possessed by the employer, it was his own folly to assume the supervision of the work. *Manning* v. *Hogan,* 78 N. Y. 615; *Arkerson* v. *Dennison,* 117 Mass. 407; *Peschel* v. *Chicago, etc., R. W. Co.,* 62 Wis. 338; *Behm* v. *Armour,* 58 Wis. 1.

It may well be that if an employer directs that certain work be done, leaving it to the workmen to provide the structures and appliances required for its prosecution, his responsibility to those employed ends with the selection of suitable men and material for the work.

Such a case is not presented by the complaint. The appellants themselves supervised the preparation of the framework and appliances which were designed to control the descent of the ponderous safe down the stairway to the sidewalk. Having done this, they directed the appellee to place himself in a position of extreme peril, after giving him assurance that the means provided for sustaining the weight of the safe were sufficient.

Without any express assurance, the legal implication was, when the appellants directed their employee to place himself in a situation in which his life and limbs depended upon the sufficiency of the instrumentalities, the construction of which they personally supervised, that they adopted such precautions in providing appliances as rendered his position safe.

If the appellee had assisted in the preparation of the framework, and had become possessed of as much knowledge con-

cerning the material, and the defectiveness of the appliances and arrangements, as the appellants themselves had or assumed to have, a different question would have been presented.

The rule is settled that if a servant is fully aware of the hazards of the employment, as the business is conducted, and has equal opportunities .for knowing, and equal knowledge with the master, concerning defective appliances for doing the work, and with such opportunities or knowledge proceeds in the business, he assumes the risk of the service. *Umback* v. *Lake Shore, etc., R. W. Co.,* 83 Ind. 191, and cases cited; *Lake.Shore, etc., R. W. Co.* v. *Stupak, ante,* p. 1.

But if there are defective appliances for which the master is responsible, which are unknown to the servant, or with, which he had not sufficient opportunity to become acquainted,. if the latter is injured thereby, and is free from negligence, the master is liable.

The complaint presents a case in which the appellants assumed the obligation of furnishing means and appliances,. safe and adequate to the purpose for which they were designed.. Since it does not appear that the appliances were glaringly or palpably inadequate, the appellee was not chargeable with knowledge or responsibility as to their character or suitableness. He was, therefore, justified in supposing that such skill, prudence and foresight had been employed in their preparation as rendered them safe. *Indiana Car Co.* v.. *Parker,* 100 Ind. 181; 2 Thompson Neg., p. 975.

The demurrer to the complaint was properly overruled.

Upon an issue made by the general denial, a trial was had by a jury, which resulted in a verdict and judgment for the plaintiff below for $1,200. It is now contended that the verdict is not sustained by the evidence.

Without rehearsing the evidence, it is sufficient to say, if the testimony given in behalf of the plaintiff was believed by the jury, it sustains all the material averments in the complaint. It appeared that all the preparatory arrangements.

for lowering the safe had been made by, or under the direct supervision of, the appellants.

A Mr. Bennett, who assisted in making these arrangements, sent a colored boy, with a request to the appellee to come and assist in lowering the safe. The appellee was a laborer, who had before assisted in moving safes, but was without special experience as an expert in the business. The appellants were informed by Bennett of what he had done, and expressed no dissent. The appellee testified that when he appeared on the scene, in answer to the request, the safe stood at the head of the stairway, and the arrangements for lowering it had all been completed. He was directed by one of the appellants to take a position in front of the safe, and assist in regulating the blocks on the tramway upon which the safe was to be lowered. He inquired whether everything was safe, and was assured that it was. Soon after the process of lowering began, the framework to which the ropes and pulleys were attached gave way, with the result that the safe was precipitated upon the appellee, inflicting upon him a painful and permanent injury.

There was affirmative evidence tending to prove that both the materials used in the construction of the framework, and the manner of its construction, were defective and insufficient. Indeed, the mere fact that it broke down almost the instant the weight of the safe came upon it, raised a strong presumption of its insufficiency.

The appellants denied that Goodwin had been employed with their consent, or that they had given him any assurance in regard to the safety of the appliances, or that they directed him in any manner whatever.

The jury, however, found against them—as well they might—upon the evidence. We find no reason to disturb their finding.

The appellants complain of the giving of instruction No. 10, which is set out in the record. The instruction can not with propriety be set out, on account of its length. It is suf-

ficient to say that this instruction, with others given, contained a precise and accurate exposition of the law of the case, in harmony with the principles already announced in this opinion. There was no error.

The judgment is affirmed, with costs.

Filed Nov. 22, 1886.