The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Roesch.

No. 14,186.

The Cincinnati, Indianapolis, St. Louis and Chicago Railway Company v. Roesch.

RAILROAD.—*Negligence.*—*Injury to Employee.*—*Insufficient and Unsuitable Appliances.*—*Liability of Company for Using.*—A railroad company is liable in an action for damages for injuries sustained by one of its employees, a trackman engaged in raising the level of the defendant's track with gravel, by reason of the fact that the railroad company had not furnished its employees in charge of the gravel train with sufficient and suitable appliances for unloading the gravel train at the time the work was undertaken, and that the implements and machinery were not of sufficient strength to bear the strain put upon them at the time and place of the accident.

SAME.—*Machinery Subjected to Unusual Strain.*—*Injury Resulting.*—*Liability of Company.*—Where the accident occurred from the breaking of the cable attached to a plow used in unloading the gravel train, and the evidence shows that it was being subjected to an unusual strain at the time it broke, although it may have been sufficient when used in the usual method, and the jury find that this unusual strain was put upon it on account of the neglect of the company to furnish sufficient appliances to do the work properly, in the situation in which the gravel train stood at the time, a verdict against the company will not be disturbed on the evidence.

SAME.—*Evidence.*—*General Method of Prosecuting Work.*—*Incompetent to Show.*—An objection was properly sustained to a question which had for its purpose to prove "that the general method employed by the defendant in the prosecution of this kind of business was that on occasions when the plow was being used the men got out of the way." If the proposition had been to prove that the plaintiff had previously been warned not to occupy a position similar to that occupied by him when injured, and that he was acting in disregard of such warning when the injury befell, the evidence would have been competent.

MASTER AND SERVANT.—*Duties of Employer as to Machinery, etc.*—*What Employee May Rely upon.*—It is the duty of an employer to furnish suitable implements for the use of his employee in the performance of his duties, and a safe and suitable place at or in which to prosecute the work assigned him to do. An employee has the right to repose confidence in the prudence and caution of his employer, and rely upon the safety and suitableness of implements or appliances with or about which he is required to work, and that the place assigned him to work is safe from any hidden or undisclosed perils which are not open and obvious to his senses. The master is not, however, an insurer of the employee

against injury, nor does he undertake to supply implements and appliances that are safe beyond all peradventure.

From the Decatur Circuit Court.

*J. B. Brown, C. Ewing* and *J. K. Ewing,* for appellant.

*O. F. Roberts, W. N. Hanch, J. D. Miller* and *F. E. Gavin,* for appellee.

PER CURIAM.—This opinion, in which we all concur, was prepared by the late Judge MITCHELL, and expresses the views and judgment of the court.

Roesch sued the railroad company to recover damages for a personal injury alleged to have been suffered on account of the negligent failure of the company in supplying dangerous and defective machinery and appliances, about which the plaintiff was required to work.

It appears that at the time of sustaining the injury complained of the plaintiff was in the employ of the railroad company, and was, with a number of other employees, engaged as a trackman, under the direction of a foreman, in raising the railroad track, at a particular point, with gravel. The gravel was conveyed to the place on flat cars, which were unloaded by the use of an implement designed for the purpose, called a " plow." This was pulled over the loaded cars by means of a wire cable, or rope, one end of which was attached to the plow and the other to the engine, which, when detached from the train of loaded cars, pulled the plow, which was held to its place by means of a square piece of timber fastened to the center of the flat cars, and in this manner the gravel was unloaded. The trackmen had no particular duty to perform in connection with the process of unloading the gravel, except to be conveniently near, so as to clean off the track as the plow passed from car to car, and dispose of the gravel, when the train was moved out of the way. At the time the plaintiff was injured the gravel was being unloaded from a train while standing on a curved track, and the evidence tended to show that where cars thus situate were

being unloaded the plow could not, ordinarily, be safely operated without using additional appliances to those in use at the time of the accident. The evidence tends to show that during the process of unloading, either because the cable had become defective, or on account of the additional strain put upon it, growing out of the situation of the cars, the cable broke, causing the plow to leave the car over which it was being drawn. It fell upon the plaintiff, who was standing upon the concave, or inner, side of the curve, inflicting upon him injuries of a painful, and, probably, permanent character.

The jury found that the railroad company had not furnished its employees in charge of the gravel train with sufficient and suitable appliances for unloading the gravel train at the time the work was undertaken, and that the implements and machinery used were not of sufficient strength to bear the strain put upon them at the time and place of the accident.

It is of course a conceded proposition that it is the duty of an employer to furnish suitable implements for the use of his employee in the performance of his duties, and a safe and suitable place at or in which to prosecute the work assigned him to do. An employee has the right to repose confidence in the prudence and caution of his employer, and rely upon the safety and suitableness of implements or appliances with or about which he is required to work, and that the place assigned him to work is safe from any hidden or undisclosed perils which are not open and obvious to his senses. *Bradbury* v. *Goodwin*, 108 Ind. 286 ; *Jenney Electric Light, etc., Co.* v. *Murphy*, 115 Ind. 566, and cases cited ; *Louisville, etc., R. W. Co.* v. *Buck*, 116 Ind. 566 (573).

It is also true that the master is not an insurer of the employee against injury, nor does he undertake to supply implements and appliances that are safe beyond all peradventure.

It is insisted that the findings of the jury in the respects

above mentioned are not sustained by the evidence, and that there is no evidence tending to show that the cable was defective or unsuitable for the purposes for which it was being used at the time it broke. The evidence seems to have been fairly submitted to the jury, and while we might, in view of the weight and preponderance of the evidence, have reached a different conclusion from that arrived at by the jury, we can not say that the verdict is not supported by some evidence.

The cable may have been sufficient when used in the usual method, but the evidence shows that it was being subjected to an unusual strain at the time it broke, and the jury find that this unusual strain was put upon it on account of the neglect of the company to furnish sufficient appliances to do the work properly, in the situation in which the gravel train stood at the time.

We can not disturb the verdict on the evidence.

In relation to the claim that the plaintiff was guilty of contributory negligence in occupying the position he did at the time of receiving the injury, it is sufficient to say there was evidence from which the jury might have found either way upon that subject. The finding was in favor of the plaintiff, and under the well settled rule that concludes the subject with this court.

The appellant complains of the ruling of the court in sustaining an objection to the following question propounded to the foreman in charge of the track men:

"Now, on occasions prior to this one, when Roesch was working with you in this same kind of work, had you ever before told him, and told the hands working, to get out of the way?"

The appellant proposed to prove in answer to the above question, among other things, "that the general method employed by the defendant in the prosecution of this kind of business was that on occasions when the plow was being used * * the men got out of the way," etc.

While some of the proof proposed, so far as it related specifically to the plaintiff, might possibly have been competent, the evidence as offered was not competent. It has often been decided that when competent and incompetent evidence is blended together and offered as a whole, it is not error to sustain an objection to the whole. If the proposition had been to prove that the plaintiff had previously been warned not to occupy a position similar to that occupied by him when injured, and that he was acting in disregard of such warning when the injury befell him, it would have been error to exclude the evidence. But no such offer was made.

The remaining questions made by the appellant relate to the giving and refusing to give instructions. The questions thus made are numerous, and the objections are stated in the most general way.

We have examined the instructions given by the court and those asked by the appellant and refused, and after careful consideration of the argument we are constrained to conclude that the court committed no error in any way prejudicial to the appellant.

The judgment is therefore affirmed, with costs.

