## RIGDON v. ALLEGHANY LUMBER Co., Limited.

*(Supreme Court, General Term, Fifth Department.   April, 1891.)*

1. MASTER AND SERVANT — DEFECTIVE APPLIANCES — COMPETENCY OF FOREMAN — INSTRUCTIONS.
    In an action by an employe for injuries alleged to have been caused by defective construction of defendant's premises, it is not error to refuse to charge that the jury must assume as a matter of fact that the foreman, under whose orders plaintiff was working when injured, was a competent man, when the court has submitted his competency to the jury in a charge to which there was no exception.

2. SAME.
    It is not error to refuse requests to charge when the matters involved have pre viously been charged upon.

3. SAME—DUTY OF SERVANT.
    A servant may assume that his master's premises and appliances are safe, and need not actively inspect them.

Appeal from circuit court, Cattaraugus county.

E. R. M. Rigdon sued the Alleghany Lumber Company, Limited, to recover for personal injuries.   Judgment for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Cary & Rumsey,* for appellant.   *J. R. & M. B. Jewell,* for respondent.

CORLETT, J.   The defendant was a corporation operating a saw-mill at Carrollton, Cattaraugus county, N. Y., and was doing an extensive business in manufacturing lumber.   In October, 1885, the plaintiff commenced working for the defendant in its mill as an ordinary day laborer.   When he commenced work the defendant had in use at its mill stalls or compartments erected for the purpose of holding lumber of different sizes.   These stalls were placed in a row or range, abutting upon a dock, which was used for loading lumber and carting it away to be put upon cars.   This dock was a high platform, built up from the ground, and running from the mill a distance of about 20 rods.   Its height was 6 to 8 feet.   The stalls were side by side, and extended about half the length of the dock.   They were from 2 to 3 feet in width, and from 12 to 14 feet in height from the ground; the bottom of the stalls being from 4 to 6 feet below the dock or platform.   All of these stalls or compartments were constructed in this way:  Two standards or uprights were placed from 2 to 3 feet apart, resting on the ground from 4 to 6 feet below the dock.   The standards were 2 by 6, and placed flatwise towards the lumber to be put in the stall, which would indicate that the pressure of the lumber on the standards would be a lateral one.   Two standards were also placed at the same distance apart of like dimensions, in substantially the same manner.   On the 24th day of October the foreman of the defendant directed the plaintiff to go down from the bottom of one of these stalls, which was empty, except a few loose pieces at the bottom, and take out those pieces, and hand them to the foreman on the dock.   The plaintiff obeyed these instructions, and was engaged as directed when the adjoining stall, which was filled with lumber, immediately gave way, and came down upon the plaintiff, crushing him beneath its weight, inflicting severe injuries.   It is insisted on the part of the respondent that the supports gave way of their own inherent weakness, and because of their insufficiency and improper construction.   So far as the evidence discloses, there was nothing in the weather likely to cause the lumber to fall; there was no tempest or external violence, so far as appears.   When all the stalls were full, each would support the other, and thus prevent the lumber from falling.   The plaintiff's claim was that these stalls were improperly constructed, and were liable to fall of their own inherent weakness, when the adjoining stall was empty.   The appellant claims, and the evidence on its part tended to show, that the stall was properly constructed in the usual manner, and of larger timber than stated by the plaintiff's wit-

nesses. This action was brought by the plaintiff to recover damages for the injuries so incurred. Issue was joined, and a trial was had in May, 1889, before a justice and jury. The jury found a verdict in the plaintiff's favor of $4,500. A motion for a new trial on the minutes was denied, and the defendant appealed from the judgment and order to this court.

· The trial justice charged the jury, among other things, that the plaintiff claimed that the timbers were not of sufficient size to withstand the pressure if one of the stalls was empty; that the plaintiff claimed that the timbers and supports were not of proper dimensions or properly arranged; that their sides were presented to the pressure, instead of the edges. The justice called the attention of the jury to the evidence, and charged fully as to the testimony upon each side, and the respects in which the witnesses differed, bearing upon the size of the timbers and their safety; also, in reference to their manner of construction, and all the other questions involved in the case. At the close of the charge the counsel for the defendant excepted to that portion which he claimed was to the effect that the question was whether the stalls were properly constructed. In reply the court said that was one of the questions. An exception was also taken to that part of the charge that the plaintiff had a right to expect that the defendant would furnish safe appliances. The court in reply stated that the counsel understood how he had charged on that sub·ject, but said he had further stated that the plaintiff must also have used vigilance. There were some requests to charge, though the above are all the exceptions to the charge as made. The first request was to the effect that the mere fact that the lumber fell was not of itself sufficient evidence of negligence. . The court so charged. In the second request the defendant asked the court to charge that the jury must assume as matter of fact that Georgia, the foreman, was a competent man. The court refused to so charge, and the defendant excepted. In the charge as made the trial justice had fully commented upon the evidence of Georgia, calling the attention of the jury to his evidence, including what he had omitted to state, submitting the question of his competency and credibility to the jury. There was no exception to the charge as made in reference to this witness, and it was not error for the court to refuse to charge that the witness was a competent man, especially in view of the fact that the question had been submitted to the jury in the charge to which no exception was taken. In another request, the learned counsel for the defendant assumed that the court had charged that the sole question was whether the stalls were properly constructed. The court replied by saying that that was one of the questions. The defendant's counsel also asked the court to charge that if the lumber fell in consequence of nailing at the top the defendant was not liable. The court inquired why. The counsel said that there was no evidence that it was improperly nailed. The justice said that he did not remember that the evidence disclosed how it was nailed. The counsel then assumed that if the falling was caused by the nails giving away at the top of the standards the plaintiff could not recover. The court replied that it could not so charge, because it might be that if it gave away at the top, although properly nailed, it might not have fallen if it had been otherwise properly constructed, and of sufficient dimensions. The same request was in substance repeated, and disposed of by the court in the same way, to which exception was taken. It will thus be seen that every material question was fully covered by the charge of the trial court; that no material exceptions were taken to any portion of the charge; and that the various requests to charge were properly refused, because the matters involved in them had been previously charged upon; and that the requests left out some important elements, and were too narrow. The testimony of witnesses in the employ of the defendant, in the nature of things, including their credibility, presented questions of fact for the jury. It is a familiar rule that employes have a right to assume that, so far as ordinary diligence can accomplish it, the

master will furnish proper structures and appliances to insure the safety of the servant. *Kranz* v. *Railway Co.*, 123 N. Y. 1, 25 N. E. Rep. 206; *McGovern* v. *Railroad Co.*, 123 N. Y. 280, 25 N. E. Rep. 373; *Palmer* v. *Canal Co.*, 120 N. Y. 170, 24 N. E. Rep. 302; *Goodrich* v. *Railroad Co.*, 116 N. Y. 398, 22 N. E. Rep. 397. All the cases are to the same effect. *Fuller* v. *Jewett*, 80 N Y 46; *Slater* v. *Jewett*, 85. N. Y. 61–73; *Manning* v. *Hogan*, 78 N. Y. 615; *Devlin* v. *Smith*, 89 N. Y. 470; *Durkin* v. *Sharp*, 88 N. Y. 225; *Hough* v. *Railroad Co.*, 100 U. S. 213; *Fuchs* v. *Manufacturing Co.*, 12 N. Y. Supp. 870. In *Mullen* v. *St. John*, 57 N. Y. 567, and *Cahalin* v. *Cochran*, 1 N. Y. St. Rep. 583, it was held that when a building or tool falls without known cause or external violence it is some evidence bearing on the question of negligence. "There was evidence given upon the trial sufficient to justify an inference of negligence of the defendant." *Palmer* v. *Canal Co.*, *supra.* The same is true on the question of contributory negligence. No active duty was imposed on the plaintiff to inspect the piles of lumber, or their proper construction, in reference to the question of safety. That duty devolved upon the master. The servant had a right to assume that the piles were properly built and safely secured. He was performing his duty under the directions of the master when the accident occurred. All the cases show that the questions in the case at bar upon which a recovery depended were properly submitted to the jury. *Curtis* v. *Railroad Co.*, 18 N. Y. 534; *Edgerton* v. *Railroad Co.*, 39 N. Y. 227; *Seybolt* v. *Railroad Co.*, 95 N. Y. 562; *Breen* v. *Railroad Co.*, 109 N. Y. 297, 16 N. E. Rep. 60. The judgment and order must be affirmed. All concur.