MARIA L. DAVIS, as Administratrix, etc., of IRA C. DAVIS, Deceased, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Master and servant — safe place of employment — damages for personal injuries — whether or not a defective structure was originally constructed by the master is immaterial.*

A master must be careful to provide a safe place for his servant while the latter is in the discharge of his duties, and the servant is authorized to assume that his master has performed his duty in that respect.

Upon the trial of an action brought to recover damages for personal injuries sustained by the plaintiff's intestate, while in the employ of the defendant, by the breaking of a coal bin, there was evidence tending to show that the bin was not originally constructed by the defendant.

*Held,* that such fact was not material;

That if the defendant adopted the bin and used it, the defendant was under an obligation to use ordinary care and caution in maintaining such bin in a safe condition;

That if the bin became unsafe by reason of insufficient inspection and repair, such carelessness on the part of the owner would impose liability upon the owner for an injury resulting to one of its servants from that cause.

APPEAL by the defendant, The New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 13th day of October, 1893, upon the verdict of a jury rendered after a trial at the Rockland Circuit, and also from an order entered in said clerk's office on the 3d day of October, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Lewis E. Carr,* for the appellant.

*Frank Comesky,* for the respondent.

DYKMAN, J.:

This is an action for the recovery of damages which resulted from the death of the plaintiff's intestate, who was her son.

The deceased was in the employ of the defendant as a coal shoveler at Piermont in Rockland county.

The defendant was in possession of a long dock extending into the Hudson river, which was used for storing coal in very large quantities. There is a railroad track running the entire length of the dock, and there is a series of bins on each side of the track. For the purpose of separating the different grades of coal the bins are divided by partitions which run crosswise of the dock.

In the summer of 1891 one of those bins was filled with stove coal to the top, which was about twelve feet high, and then the coal was piled on a slant of about forty-five degrees to the height of thirty-five or forty feet. The adjoining bin was empty. About that time there was an explosion of dynamite upon the Hudson River railroad about opposite the dock, which shook the bins and caused the boxes or cribs forming this bin to bulge out. Braces were placed on the north side of the bin at that time.

Thereafter the vacant bin was partly filled with chestnut coal, and so remained until the latter part of November, 1891, when the defendant commenced to remove the coal therefrom. For that purpose a portable railroad track was laid from the bin to the top of a trestle, which extended along the south of it. The coal was loaded into a small car, drawn up the track to the top of the trestle, and then dumped into a chute which conveyed it into a vessel lying in the river.

On the 27th day of November, 1891, the plaintiff's intestate and some others were engaged in shoveling coal into one of those cars. They were but a few feet from the partition when a portion of it suddenly gave way and fell upon him and killed him.

The jury rendered a verdict of $5,000 in favor of the plaintiff, and from the judgment entered upon that verdict and from the order denying a motion for a new trial upon the minutes of the court the defendant has appealed.

There is no claim of any contributory negligence on the part of the deceased, and the sole question involved in the appeal is whether the testimony showed such a want of care on the part of the servants of the company as will sustain the verdict.

There was some testimony to show that the bin was not constructed originally by the defendant, but that question is not material, inasmuch as the defendant adopted the bin and used it, and was, therefore, under obligation to use ordinary care and caution, at least in

maintaining it in a safe condition so far as its servants were concerned.

If, therefore, the structure became unsafe and dangerous by reason of insufficient inspection and reparation, that would be carelessness which might impose liability upon the defendant for an injury resulting to one of its servants from that cause. We think the evidence convicts the defendant of negligence in that regard.

The structure was weakened by the concussion caused by the explosion across the river, and that fact was known to the foreman of the defendant, who braced the bin where it bulged. Whether more bracing was not required was a question which the jury might well decide against the defendant. The foreman was unable to say that he even examined the structure on the south of the place where he placed the braces.

Again, it was a very serious question for the jury to determine whether the manner of removal of the coal, adopted by the foreman, was not erroneous and careless.

The great bulk of the coal was removed from one side of the partition, while there was an enormous bank of coal thirty-five or forty feet high on the other side pushing against the partition, with no counteracting pressure from the opposite side. The partition was thus left to sustain unaided the very great weight which came against it. It requires no argument to show that such a method of proceeding submitted the shovelers to an unnecessary danger.

While the cribs were full they supported each other, and ordinary care and caution would not justify the destruction of such support beyond what was actually necessary.

The case of *Rigdon* v. *Allegany Lumber Co.* (13 N. Y. Supp. 871; affd., 131 N. Y. 668) is an authority in favor of the plaintiff in this action.

The foregoing views are based upon the rule of law which requires a master to be careful to provide a safe place for his servants while in the discharge of their duties, and authorizes the servants to assume that their masters have performed their duties in that regard.

Here we have proof of an occurrence which would not happen in the ordinary course of events and sufficient to raise a presumption of negligence, and the defendant failed to sustain the burden thus cast upon it to relieve itself from such presumption.

There was an exception to the charge of the judge which presents no error.

The judgment and order should be affirmed, with costs.

BROWN, P. J., concurred; PRATT, J., not sitting.

Judgment and order affirmed, with costs.