[No. 5462.  Decided March 4, 1905.]

SAM HENNE, *Respondent,* v. J. T. STEEB SHIPPING
COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—DUTY TO FURNISH SAFE AP-
PLIANCES—PLEADING—COMPLAINT—SUFFICIENCY. A complaint in
an action for personal injuries sustained by a stevedore in de-
fendant's employ, through the breaking of a rope sling, is not
insufficent in containing the erroneous statement that it was the
defendant's duty to furnish the very best and safest sling avail-
able, when a breach of duty in using an unsafe and rotten rope is
otherwise sufficiently alleged.

SAME—UNSAFE ROPE SLING—PLEADING AND PROOF—EVIDENCE—
ASSUMPTION OF RISKS. In an action by an experienced stevedore
against his employer for personal injuries sustained through the
breaking of a rope sling, alleged to have become rotten and un-
safe, it is not admissible to show that rope slings are not in
general use and that chain or wire slings are safer; since (1)
the use of a rotten rope sling is the only negligence alleged, and
(2) the damages incident to the use of a sufficient rope sling were
assumed by the plaintiff.

SAME—EVIDENCE—INSTRUCTIONS—CURING ERROR. Error in the
admission of such evidence is not cured by an instruction to the
effect that the defendant owed the duty to use care in the selec-
tion of the rope in question, since the jury could assume from
the charge and the evidence that any rope sling was insufficient.

SAME—PLEADING AND PROOF—INSUFFICIENT ROPE SLING—PROOF
OF OVERLOADING. In an action for personal injuries sustained
through the breaking of a rotten rope sling, evidence of the over-
loading of the sling is admissible to show negligence in the use
of the sling, although overloading is not alleged as a distinct
ground of negligence.

Appeal from a judgment of the superior court for Pierce
county, Huston, J., entered April 16, 1904, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an
action by a stevedore for personal injuries sustained
through the breaking of a rope sling. Reversed.

[1]Reported in 79 Pac. 938.

*James M. Ashton* and *W. H. Hayden,* for appellant.

*W. H. Harris,* for respondent.

RUDKIN, J.—This is an action to recover damages for personal injuries. On the 2d day of October, 1903, the defendant corporation was engaged in loading a cargo of lumber in the hold of the U. S. steamship "Dix," at the wharves in the city of Tacoma. The plaintiff was in the employ of the defendant corporation, and was engaged in stowing the lumber in the hold of the vessel. The lumber was transferred from scows to the steamship in a rope sling, by means of steam winches on the steamship, and thence lowered through the hatchway into the hold. On the date above mentioned, this rope sling broke, and the lumber contained in the sling fell through the hatchway, and struck the plaintiff, thereby causing the injury complained of.

The complaint alleged, that it was the duty of the defendant corporation to use the best, safest, and strongest slings available, or that could be procured, for the purpose of loading the lumber into the steamship; and alleged negligence in the fulfillment of that duty, as follows:

"The defendant, through the carelessness and gross negligent acts of its said servants and employees on the main deck of said vessel, who were working under the direction of its duly authorized foreman, used a rope sling which had been lying in a locker of said steamer for a long while, and had become rotten and unsafe for the purpose of raising and lowering heavy parcels of lumber into the hold of said vessel; that, on account of and through said negligence and carelessness of the defendant's said servants, employees, and foreman, in the use of said defective sling, while lowering said parcels of lumber through the hatch of said vessel, said sling broke and let said parcel of lumber fall, . . ."

etc.; that the officers, foreman and servants of the defendant corporation well knew that said rope sling was dangerous, unsafe, and not sufficiently strong to carry a large parcel of lumber, such as the same was carrying at the time of the accident. The answer denied the material allegations of the complaint, and alleged affirmatively assumption of the risk and contributory negligence, on the part of the plaintiff. A verdict was returned for the plaintiff, and, from the judgment entered, this appeal is prosecuted.

The first error assigned is based upon the insufficiency of the complaint. As already stated, the complaint alleged that it was the duty of the appellant to furnish the very best, safest, and strongest slings available. This, of course, is not a correct statement of the legal duty imposed upon the appellant; but an erroneous statement of the law will not vitiate a pleading which is otherwise sufficient. We think the complaint sufficiently alleges a breach of the legal duty which the appellant owed to the respondent, and the complaint is therefore sufficient, especially after verdict.

The second, third, fourth, fifth, sixth, and seventh assignments are based upon exceptions to testimony offered by the respondent, and received over the objection of the appellant. By this testimony the respondent was permitted to prove that a rope sling is not a safe appliance to be used in loading lumber into a vessel, that rope slings are not in general use for that purpose, and that chain or wire slings are safer than rope slings. The court committed error in this regard, for two reasons; first, because, under a proper construction of the complaint, we think that the use of a defective or rotten rope is the only negligence charged; and, second, because the respondent was. a stevedore of long experience, knew of the use of the rope sling, and of the dangers incident thereto, made no objec-

tions to such use, and, therefore, assumed all risk incident to the use of a proper and sufficient rope sling. This testimony was prejudicial to the appellant, for the reason that its tendency was to impose upon it a much higher degree of care than that imposed by law. This error was not cured by the instructions. While the court instructed the jury that it was the duty of the appellant to exercise reasonable care in the selection and use of the sling in question, the jury had a right to assume, from the testimony and the charge of the court, that a rope sling was under no circumstances a safe or proper appliance. In other words, the jury were not confined to the specific act of negligence charged in the complaint, by either the testimony or the instructions.

The eighth assignment relates to the admission of testimony tending to show that the sling was overloaded. While overloading the sling could not be proved as a distinct ground of negligence, as it was not alleged in the complaint, we think it was competent to show the kind of loads carried in the sling, for the purpose of showing negligence in the use of the defective or rotten rope complained of.

The ninth assignment is based upon the refusal of the court to direct a verdict for the appellant. Inasmuch as the case must go back for a new trial, we do not deem it proper to discuss the testimony on this appeal, further than to say that we think there was evidence before the jury tending to show that the rope used was defective and rotten, and that the appellant had notice of such defect, and the weight to be given such testimony was a question for the jury. Assuming that the appellant was negligent in the manner complained of, we cannot say, as a matter of law, that the respondent assumed the extra hazard re-

sulting from such negligence, or that he was guilty of contributory negligence, under the circumstances disclosed by the record.

For the error committed in receiving testimony, over objection, the judgment is reversed, and a new trial ordered.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.