[No. 6769. Decided September 5, 1907.]

W. C. LaBee, *Respondent*, v. SULTAN LOGGING COMPANY, *Appellant*.[1]

APPEAL—REVIEW—NEW TRIAL. The grant of a new trial for errors of law occurring at the trial does not involve the discretion of the court, and is reviewable on appeal.

MASTER AND SERVANT—INJURIES—SAFE APPLIANCE—EVIDENCE— PRIMA FACIE CASE. That a steel cable, furnished by a master to be used for a particular purpose, broke when used for that purpose, in a proper manner, is sufficient evidence to make out a *prima facie* case of negligence on the part of the master in furnishing or using the cable.

SAME—PLEADING—CONCLUSIONS. A general allegation that a master failed to provide a safe place to work, following specific allegations of the acts committed, is a conclusion only, and does not admit evidence of negligence not covered by the specific charge.

Appeal from an order of the superior court for Snohomish county, Black, J., entered January 12, 1907, setting aside a nonsuit and granting a new trial, in an action for personal injuries sustained by an employee through the breaking of a cable. Affirmed.

*Graves, Palmer & Murphy* (*C. H. Winders*, of counsel), for appellant.

*Roney & Loveless* and *Hathaway & Alston*, for respondent.

FULLERTON, J.—This is an action for personal injuries. At the time he received the injury for which he sues, the respondent was in the employ of the appellant, working with a

[1]Reported in 91 Pac. 560.

gang of men engaged in loading sawlogs onto railroad cars. In loading the logs the men had the assistance of mechanical appliances. These consisted of a large heavy pole, some forty feet in length, known in the vernacular as a "gin pole," set with the heavy end in the ground by the side of the railroad track, and slanted over the track so that the upper end reached a point immediately above its center. The pole was stayed with three steel cables, one end of each of them being fastened to the top of the pole, and the other carried back and made fast to a tree or stump, or some other fixed object sufficiently secured in the ground to withstand a strain. Fastened to the top of the gin pole, so as to swing immediately under it, was a heavy pulley. Some distance back from the track a donkey engine was stationed, from which another wire cable was run through the pulley fastened to the gin pole. It was by means of this cable that the logs were rolled and lifted onto the cars.

The cable was also used for another purpose. Cars were brought to the loading station a number at a time. As they could be loaded only from a place on the track immediately under the gin pole, it was necessary, after loading a car, to move it forward on the track so that another might be brought in its place, and the practice was to leave the cars coupled together and move the entire train. This moving was done by hitching the cable, used to load the logs, onto the farther end of the car desired to be brought into position, and bringing it into place by a pull on the cable from the donkey engine.

At the time of the accident, the men had for loading a group of five cars. Four of these had been loaded, and preparations were made for bringing the fifth one into place. The track at this point was somewhat steep, and the cars were held in place by their brakes, which had to be loosened before the cars could be moved. Preparatory to loosening the brakes, the cable was hitched to the lower end of the empty car and made tight by a pull from the donkey engine. The respondent then mounted the cars and proceeded to loosen the brakes

with a short piece of gas pipe which he used as a lever. He was just loosening the last one when a pull was made in an attempt to move the cars. This pull caused one of the stay cables fastened to the gin pole to give way, letting the pole fall. In falling the pole struck the respondent on the back, bearing him down upon the piece of gas pipe, which he happened to be holding in an upright position, forcing the pipe entirely through his body and causing the injury for which he sues. It appears from the record, also, that the appliances described were furnished by the appellant, that they were being used at the time of the accident for the purposes for which they were intended, and were so used under the direction of the appellant's foreman.

In his complaint the respondent charged that the accident was caused by the defective and dangerous condition of the stay cable which gave way and let the gin .pole fall, alleging that it was carelessly and negligently fastened to the gin pole, and had become old, worn, weakened and rusted and in need of repair, all of which was known to the appellant, or by reasonable diligence ought to have been known by it, but which was unknown to the respondent; further alleging, that "by reason of the negligence of the defendant in failing to provide the plaintiff. with a safe place in which to work, and by reason of the negligence of the defendant in failing to provide a sufficient and suitable guy rope or cable to sustain the gin pole and perform the service required of the same, and by reason of the negligence of the defendant in failing to properly secure the said guy rope or cable," the gin pole fell, etc. The only evidence offered at the trial in support of these allegations was that above outlined, and the further fact that the cable gave way at the point where it was spliced to the gin pole, three of the strands of the splice breaking, and three pulling out.

On the trial, at the conclusion of the respondent's case, the court granted a nonsuit and discharged the jury; and later, on respondent's motion for a new trial, set the nonsuit aside

and granted a new trial. This appeal is from the last-mentioned order. The trial judge based his ruling on two grounds, first, that he had erred in holding that the respondent had failed to show any negligence on the part of the appellant; and second, that he had erred in excluding certain evidence offered by the respondent; and, as these propositions involve matters of law in which the question of discretion does not enter, they are reviewable on appeal to this court.

On the question of the sufficiency of the evidence, the appellant contends that the respondent has shown nothing more than that the cable broke and that he was injured thereby, and argues that this is not sufficient to charge the respondent with negligence; that in order to make a *prima facie* case, he was required to go further and show that the breaking was caused by some defect of construction or material, and that the respondent knew, or by reasonable diligence could have known, of such defect. But it seems to us that the appellant has placed a too narrow construction upon the respondent's evidence. The evidence, in addition to showing that the cable broke and caused an injury to the respondent, showed that it was furnished to the respondent by the appellant for a particular purpose, and that it broke while being used in a proper manner for the purpose for which it was intended. This is some evidence of negligence on the part of the appellant. Instrumentalities intended for a particular purpose, and suitable and proper for that purpose, do not break when put to the use for which they are designed when used in a proper manner. So the converse of this proposition must be true. If the instrumentality does break when put to the use for which it is designed and used in a proper manner, it is evident that it was either defective in material or construction in the first instance, or has become so since it was put to use. Therefore, when the servant shows that the master furnished him an instrumentality to be used for a particular purpose, that he used it for the purpose intended in the manner intended, and that it broke when being so used and injured him,

he makes out a *prima facie* case of negligence against the
master. *Coleman v. Mechanics' Iron Foundry Co.*, 168 Mass.
254, 46 N. E. 1065; *Moynihan v. Hills Co.*, 146 Mass. 586,
16 N. E. 574, 4 Am. St. 348; *Tennessee Coal, Iron & R. Co.
v. Hayes*, 97 Ala. 201, 12 South. 98; *Armour v. Golkowska*,
95 Ill. App. 492; *Solarz v. Manhattan R. Co.*, 31 Abbott's
New Cases 426; *Highland Boy Gold Min. Co. v. Pouch*, 124
Fed. 148; *Cincinnati etc. R. Co. v. Roesch*, 126 Ind. 445,
26 N. E. 171.

With reference to the second question, we think the evidence
offered was properly excluded under the issues as made. The
allegation to the effect that the appellant failed to provide
the respondent with a safe place in which to work was rather
a deduction from the specific acts of negligence theretofore
alleged than a general allegation of negligence. As such it
did not widen the scope of the inquiry so as to admit evidence
of negligence not covered by the specific allegations. *Henne
v. Steeb Shipping Co.*, 37 Wash. 331, 79 Pac. 938; *Redford
v. Spokane St. R. Co.*, 9 Wash. 55, 36 Pac. 1085. In so far,
therefore, as the order for a new trial was based on the latter
ground it was erroneous, but since it is sustained by the first
ground stated, it must be affirmed. It is so ordered.

HADLEY, C. J., CROW, and RUDKIN, JJ., concur.

ROOT, J., dissents.