[No. 24957. *En Banc.* March 26, 1935.]

DOROTHY O. THORNTON, *Respondent,* v. VAN DE KAMP'S HOLLAND DUTCH BAKERS, INC., *Appellant.*[1]

[1]Reported in 42 P. (2d) 799.

214

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.

*John J. Kennett* and *Ray M. Wardall,* for respondent.

GERAGHTY, J.—This is an action for personal injuries. The defendant was engaged in a general wholesale and retail bakery business in the city of Seattle. It maintained a large number of retail bakery stores there, one being at Forty-fifth street and Meridian avenue, where the plaintiff was employed as a clerk for some time before the accident. The store was what was designated as a one-girl store, a second girl coming on to take plaintiff's place during relief periods.

One of plaintiff's duties was to raise and lower an awning shading the show window of the store. It was lowered in sunny and rainy weather, and at other times was raised to permit the lighting of the interior. In changeable weather, it was necessary to lower and raise it several times in the course of a day. The awning was operated by means of a rod extending down from its top along the wall of the building to a gear box, into which a crank was inserted. The gear box was fastened to the wall about thirty inches above the sidewalk.

At the time of the accident, the plaintiff was turning the crank, which she testified required the exertion of considerable strength. The crank slipped out of its socket and struck her in the face, inflicting the injuries for which she sues. She had been employed at this store for over a year previous to the accident, and had operated the awning mechanism without injury to herself up to that time, although, as she testified,

a boy had, some months before, in attempting to raise the awning, suffered an injury in the same manner. She testified she had reported this fact to the defendant, and that the defendant's utility man came to the store to examine the gear box. This was denied by him.

Shortly after the accident to plaintiff, the defendant replaced the awning gear, and installed one of another type. The defendant introduced in evidence what purported to be the gear box and crank in use at the time of the accident. The plaintiff testified that this was not the box and crank then in use, and by a drawing illustrated to the jury the type of crank which she said was in use at the time of the accident.

The case was tried to a jury, and at the conclusion of all the evidence, the defendant challenged its sufficiency and moved for a dismissal of the case, or for a directed verdict, on the ground that the evidence failed to disclose any negligence on the part of the defendant; that, under the evidence, plaintiff was guilty of contributory negligence and had assumed the risk of injury. The motion was denied and the case submitted to the jury, which returned a verdict in favor of plaintiff. The court subsequently denied defendant's motion for judgment notwithstanding the verdict and entered judgment upon the verdict, from which the defendant appeals.

The appellant assigns as error the court's failure to grant appellant's motion for a dismissal of the action or a directed verdict; the submission of the case to the jury; the holding that the doctrine of *res ipsa loquitur* was applicable; and the refusal to sustain the defense of assumption of risk as a matter of law.

The appellant first urges that the testimony of respondent failed to show the cause of the injury, quoting the general rule that, in a servant's action for

personal injuries, where the circumstances show nothing as to the real cause of injury, there is a failure of proof, and that this is equally true where the evidence fails to show with some degree of certainty that the negligence alleged was the cause of the injury. The appellant further argues that this failure of proof cannot be supplied in the present case by the application of the doctrine of *res ipsa loquitur*. In support of its position under these heads, it points to the fact that the respondent herself was in charge of the store and of the awning, with the mechanism for its operation, and was in better position to know of its condition than her employer.

While it was the respondent's duty to operate the awning by means of the crank inserted in the gear box, she knew nothing of the inside mechanism of the box, and was not expected to know about it, and had a right to assume that it would be kept in proper order by her employer. Whatever may have been the title by which she was designated, she was essentially a clerk, with the limited functions incident to the care of a small unit in a large organization. The appellant maintained a staff, who looked after the business generally and kept the various units of the plant in order. The respondent's chief function was to sell goods to the public. Her duty with respect to the operation of the awning was rather incidental and secondary. She was not expected to know much about its mechanism. She was charged with knowledge only of what was to be seen on the outside of the crank box.

In *La Bee v. Sultan Logging Co.,* 51 Wash. 81, 97 Pac. 1104, in which this court aligned itself with the authorities holding the doctrine of *res ipsa loquitur* applicable to master and servant cases, it is said:

"In this case, the servant made proofs to the effect that the master furnished him with an instrument with

which to do his work and directed him to do it in a particular manner; that he took the instrument and proceeded to perform the work in the manner directed, when the instrument gave way and injured him; and we think it no hardship to cast on the master the burden of showing that the instrument was suitable for the purposes for which it was intended, and that any defect therein was unknown to the master, and by reasonable diligence could not have been discovered by him. This is not holding, as the appellant seems to argue, that a presumption of negligence arises from the mere fact of injury. The injury itself proves nothing: It may have been the fault of the servant. But in a case where the servant eliminates any fault on his part by showing that the injury was caused by the giving way of an instrumentality furnished him with which to work, while he was using it for the purposes intended, and in the manner directed, he shows that the fault is in the instrumentality itself for which the master is *prima facie* responsible. The case differs from an ordinary case of injury only in the manner of proof. In each case, of course, a *prima facie* case of negligence against the master must be made out, but in the one it is made out by showing the injury, and eliminating negligence on the part of the servant and his fellow servants, while in the other it is made out by direct evidence of negligence on the part of the master.''

█ In the instant case, the finding of the jury is conclusive against the appellant on the question of respondent's contributory negligence. The respondent established the fact of her injury, resulting from the operation of a mechanism supplied for her use by the appellant, and her own freedom from fault. The burden then devolved upon the appellant, having the means of doing so, to account for the cause of the accident. It attempted to do so by producing the box and crank testified to have been in use at the time of the accident. The respondent testified this was not the box and crank, and made a drawing

of the type of crank which she testified was in use. On this issue of fact, the jury found in favor of respondent.

The experienced trial judge filed a memorandum opinion in passing upon the motion for judgment notwithstanding the verdict. His opinion stated the law so aptly, in relation to the facts in the case, that we feel justified in quoting an excerpt from it:

"What are the circumstances which we are justified in assuming the jury by their verdict in this case found? The appliances furnished plaintiff consisted of a metallic box with gears and a crank. Plaintiff was manager of the store in question and in control and operation of these devices. While she had equal opportunities with the defendant of knowing of wearing or improper working, she knew nothing of the gear mechanism within the box or how the same meshed or functioned beyond the fact that by inserting the crank in the socket of the box and turning the same the awning was raised or lowered. She had operated it in the ordinary way two or three times a day for one and one-half years without an accident, when, during the course of raising the awning, the crank for the first time came out of the socket with great force and injured a boy operating it. This was promptly reported by her to the master who sent its mechanic out to investigate. The mechanic later reported to her that the device was repaired. She continued to use it in the same manner as before for three or four months without accident until the one in question which injured her.

"The verdict in this case eliminates any negligence on her part in the manner of its operation. The only evidence of whether or not the accident was culpable or innocent on the part of defendant was contained in the crank and in the gear mechanism of the metallic box which they furnished her. This evidence was removed by defendant within a day or two following the accident while she was in the hospital. Though the defendant introduced as an exhibit what it claimed

to be the identical crank and box removed, she denies the devices thus produced by the defendant were the identical ones she used, and, concerning the crank, she made a drawing of a very different device which she claims was its construction and which defendant's experts admitted was not a standard crank for such device. The verdict is a finding in her favor on this point. The fact that plaintiff had as good, or better, opportunity than the master to know of improper or defective operation, if any, before the accident, is not material, for the verdict amounts to a finding that there was no improper or defective working and that the accident occurred while she was operating it in the ordinary manner and without fault when it suddenly ceased to function. The instrumentalities, thus ceasing, were plain evidence of whether the accident was innocent or due to culpable negligence. These instrumentalities contain all the proof necessary to offer on this question. This evidence was not open or accessible to her. It was solely within the knowledge of the defendant. The crank and box introduced by defendant, and which, if they were the identical ones used by plaintiff, unquestionably did not only refute negligence on defendant's part but left no doubt of contributory negligence of the plaintiff, were, according to the verdict, not the identical devices furnished her. This imports a finding of withholding by the defendant of the only evidence available, which was not within plaintiff's possession. These facts differ from the facts in the case cited by counsel from 63 Wash. [*Lynch v. Ninemire Packing Co.*, 63 Wash. 423, 115 Pac. 838] wherein the servant had for a long time full control and operation of the steam vat, with more knowledge than the master of its operation and where after the explosion there was nothing available to either party to show why or how the explosion occurred; but here while the plaintiff did have control and operation and with full knowledge of the working of the devices, she knew nothing of their mechanism, and the identical instrumentalities that ceased to function after a long period of perfect working were available and in possession of defendant and not of the plaintiff. These devices contained all the proof

necessary to offer to decide this case. They, according to the verdict, were not offered.''

What we have already said, disposes of appellant's defense of assumption of risk. The respondent did not know of the defective condition of the gear box. According to her testimony, which the jury must have believed, she had been informed that the box was repaired after the accident to the boy some months before. At the time of her own accident, there was no apparent or obvious defect; and she had a right to assume that the mechanism was in proper working order. *Collins v. Terminal Transfer Co.*, 91 Wash. 463, 157 Pac. 1092.

The judgment will be affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, MAIN, and STEINERT, JJ., concur.

BLAKE, J. (dissenting)—I dissent. I think the plaintiff failed to prove any act of negligence on the part of defendant. The majority, in resting the decision on the doctrine of *res ipsa loquitur*, apparently concede this to be so. As I understand the doctrine, it may be invoked when the accident is explainable only on the theory of negligence on the part of defendant. The doctrine is designed simply to relieve the plaintiff of the burden of proving negligence in cases where it is apparent the injury would not have been sustained but for defendant's negligence.

It is true that the doctrine has been extended to cases of master and servant. The case of *La Bee v. Sultan Logging Co.*, 47 Wash. 57, 91 Pac. 560, 20 L. R. A. (N. S.) 405, supports the principle as stated in the majority opinion, but does not support the decision. That case is not remotely apposite in point of fact to the instant case. In that case, La Bee was engaged in loading logs on flat cars. Among the instrumentali-

ties set up by the master for the purpose of loading the logs was a "gin pole." This was stayed by three cables attached to trees or stumps. A car had been loaded, and La Bee was engaged in loosening the brake preparatory to moving it. While he was so engaged, one of the stay cables supporting the "gin pole" broke. The "gin pole," in falling, struck La Bee. Obviously, the break of the cable was the proximate cause of his injury. Applying the doctrine of *res ipsa loquitur,* the court, in effect, said that the break of the cable showed it to be an inadequate appliance for the purpose used; that the accident was explainable only on the theory that the cable was defective. La Bee had no control whatever over it. His injury by no possible inference could have been attributed to fault of his.

In the instant case, the accident may be just as readily accounted for on the theory of negligence on the part of plaintiff as it can be on the theory of negligence on the part of defendant. She was handling a simple instrument—a crank—which, if not properly adjusted to the shaft, would very obviously slip from the gear box. To my mind, it is more reasonable to infer that that was what happened than it is to infer that defendant was somehow negligent.

BEALS and MITCHELL, JJ., concur with BLAKE, J.