[No. 6769.  Decided November 14, 1908.]

# W. C. LaBee, *Respondent*, v. Sultan Logging Company, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—EVIDENCE—PRIMA FACIE CASE. The doctrine of *res ipsa loquitur* may properly be applied to the relation of master and servant, where the facts eliminate blame on the part of the servant; the contrary rule being unreasonable and unjust in that it gives the master the benefit of the presumption in every case and the servant in none.

SAME. The doctrine of *res ipsa loquitur* is not confined to cases where one is the insurer of another's safety.

Appeal from an order of the superior court for Snohomish county, Black, J., entered January 12, 1907, setting aside a nonsuit and granting a new trial, in an action for personal injuries sustained by an employee through the breaking of a cable. Affirmed.

*Graves, Palmer & Murphy* (*C. H. Winders*, of counsel), for appellant.

*Roney & Loveless* and *Hathaway & Alston*, for respondent.

## ON REHEARING.

FULLERTON, J.—This case is before us on rehearing. For the former opinion see *LaBee v. Sultan Logging Co.*, 47 Wash. 57, 91 Pac. 560, where will be found a statement of the issues involved. In the petition for rehearing, as well as in the oral argument made at bar, it is insisted that the court erred in applying the doctrine of *res ipsa loquitur* to a case between master and servant. It is contended that this doctrine is applicable only "to cases between carrier and passenger, and other cases wherein the person sought to be held occupies the relation of insurer," but is never applied to a case where the servant sues the master for negligence causing personal injuries. The weight of authority seems to

[1]Reported in 97 Pac. 1104.

support counsel's contention in so far as they contend that the doctrine is not applicable to cases between master and servant. The Federal cases uniformly so hold, and in the majority of the states the same rule obtains. See *Northern Pac. R. Co. v. Dixon,* 139 Fed. 737, and the cases there collected.

But the question being a new one in this state we have felt ourselves at liberty to inquire into the reasons for the rule, and to discard it if we found the reasons given to maintain it unsatisfactory. These reasons are perhaps as well stated in the case cited as in any other. It is there said that the doctrine is inapplicable to cases between master and servant brought to recover damages for negligence,

"Because there are many possible causes of accidents during service, the risk of some of which, such as the negligence and other ordinary dangers of the work the servant assumes, while for the risk of others, such as the lack of ordinary care to construct or keep in repair the machinery or place of work, the master is responsible. The mere happening of an accident which injures a servant fails to indicate whether it resulted from one cause the risk of which is the servant's, or for one of those the risk of which is the master's; and for this reason it raises no presumption that it was caused by the negligence of the latter."

In other words, the reason is that because in some instances it is difficult to determine from the facts shown whether the blame is the master's or the servant's, and the master shall have the benefit of the presumption in all cases and the servant in none. It has seemed to us that this reasoning is not only unsound, but is grossly unfair to the servant. Where the facts of the case are such as to eliminate blame on the part of the servant or his fellow servants, but show *prima facie* neglect on the part of some one, we think the master should be put to his proofs to show that the blame is not his, just the same as he would be were the injury to a stranger. Such a rule casts the burden upon the person who is in a position to know the facts, and who can make the proofs by direct

and positive evidence, while the rule contended for by the appellant compels the resort to indirect and circumstantial evidence.

In this case, the servant made proofs to the effect that the master furnished him with an instrument with which to do his work and directed him to do it in a particular manner; that he took the instrument and proceeded to perform the work in the manner directed, when the instrument gave way and injured him; and we think it no hardship to cast on the master the burden of showing that the instrument was suitable for the purposes for which it was intended, and that any defect therein was unknown to the master, and by reasonable diligence could not have been discovered by him. This is not holding, as the appellant seems to argue, that a presumption of negligence arises from the mere fact of injury. The injury itself proves nothing: it may have been the fault of the servant. But in a case where the servant eliminates any fault on his part by showing that the injury was caused by the giving way of an instrumentality furnished him with which to work, while he was using it for the purposes intended, and in the manner directed, he shows that the fault is in the instrumentality itself for which the master is *prima facie* responsible. The case differs from an ordinary case of injury only in the manner of proof. In each case, of course, a *prima facie* case of negligence against the master must be made out, but in the one it is made out by showing the injury, and eliminating negligence on the part of the servant and his fellow servants, while in the other it is made out by direct evidence of negligence on the part of the master.

Counsel make another contention it may be well to notice. The paragraph we have quoted in our statement of the contentions made by counsel is from their petition for rehearing. In it, it will be observed, counsel assume that the doctrine of *res ipsa loquitur* is applied only in those cases where the person sought to be held occupies the relation of insurer to the person injured. The illustration given is that of car-

rier and passenger. But the assumption that a carrier is an insurer of the safety of its passengers is against the great weight of authority, even if it is now the rule in any jurisdiction. Certainly this court has never so held. On the contrary, in our own reports, and the reports generally, can be found cases where the carrier has successfully defended against its liability for injuries suffered by its passengers. If it was an insurer, its defense would have been confined to the amount of damages to be awarded; it would not have extended to the liability itself. Nor is the doctrine confined in other instances to the case where the person sought to be held is an insurer of the safety of the person injured. This court, in the case of *Anderson v. McCarthy Dry Goods Co.*, 49 Wash. 398, 95 Pac. 325, applied the doctrine to a case where the person was injured while in a dry goods store by the fall of a basket from an overhead carrier system; citing authority to show that the holding was sustained by the great weight of authority. Surely it will not be contended that the proprietor of a merchandise store is an insurer of the safety of every person who enters it.

But these latter inquiries are not material to the question in hand. They are cited to show that a holding that denies to a servant, simply because he is a servant, the benefit of the rule of *res ipsa loquitur* in a proper case is unreasonable and unjust, and is required by no rule of public policy. We see no reason to change our former holding, and the judgment appealed from will be affirmed.

HADLEY, C. J., DUNBAR, RUDKIN, MOUNT, and CROW, JJ., concur.