[No. 7857.   Decided May 25, 1909.]

ROBERT E. CLEARY, *Respondent*, v. GENERAL CONTRACTING COMPANY, *Appellant*.[1]

APPEAL—REVIEW—WAIVER OF ERROR.  Error in refusing a nonsuit is waived by putting in evidence in defense.

MASTER AND SERVANT—INJURIES—SAFE APPLIANCES—EVIDENCE—PRIMA FACIE CASE—RES IPSA LOQUITUR.  That a scaffold, furnished by a master for a servant to work on, broke when properly used for that purpose, is sufficient to make out a *prima facie* case of negligence on the part of the master, as the doctrine of *res ipsa loquitur* applies.

SAME—SAFE PLACE—SCAFFOLDS—INSTRUCTIONS.  In an action for injuries sustained by a fall from a scaffold furnished by defendant for plaintiff to work on, the court properly refused to charge the jury that the plaintiff cannot recover unless he proves by a fair preponderance of the evidence his allegations that plaintiff orally agreed to furnish a safe and secure scaffold, since the law would imply that the scaffold was to be safe and secure; especially where the point was in effect covered by another instruction.

[1]Reported in 101 Pac. 888.

TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE.  Instructions do
not violate Const. art. 4, § 16, prohibiting charges with respect to
matters of fact and comment on the evidence, where they do no
more than set forth the legal effect of a certain state of facts.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered April 29, 1908, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by an employee through
a defective scaffold.  Affirmed.

*Post, Avery & Higgins*, for appellant, contended that
the doctrine of *res ipsa loquitur* is inapplicable to a master
and servant case.  *Northern Pac. R. Co. v. Dixon*, 139 Fed.
737; *Chicago & N. W. R. Co. v. O'Brien*, 132 Fed. 593;
*Cryder v. Chicago R. I. & P. R. Co.*, 152 Fed. 417; *Hansen
v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457. The fact
that an accident happens carries with it no presumption of
negligence on the part of a master.  *Patton v. Texas & Pac.
R. Co.*, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361;
*Latting v. Owaso Mfg. Co.*, 148 Fed. 369; *Omaha Packing
Co. v. Sanduski*, 155 Fed. 897; *Bergman v. Altman*, 127
Iowa 693, 104 N. W. 280; *Sargee v. Clark Can. Co.*, 126
Mich. 508, 85 N. W. 1105; *Gardner v. Porter*, 45 Wash. 158,
88 Pac. 121; *Stratton v. Nichols Lumber Co.*, 39 Wash. 323,
81 Pac. 831, 109 Am. St. 881; *Peterson v. Union Iron Works*,
48 Wash. 505, 93 Pac. 1077; *Ludd v. Wilkins*, 118 Ga. 525,
45 S. E. 429.  The master is not a guarantor of the safety of
appliances or places.  *Patton v. Texas & Pac. R. Co., supra;
Hoffman v. American Foundry Co.*, 18 Wash. 287, 51 Pac.
385.  The building of the scaffold was the work of fellow
servants.  *Metzler v. McKenzie*, 34 Wash. 470, 76 Pac. 114;
*Lambert v. Missisquoi Pulp Co.*, 72 Vt. 278, 47 Atl. 1085;
*Garrow v. Miller*, 72 Vt. 284, 47 Atl. 1087; *O'Connor v.
Rich*, 164 Mass. 560, 42 N. E. 111, 49 Am. St. 483; *Olsen
v. Nixon*, 61 N. J. L. 671, 40 Atl. 694; *Hoveland v. National
Blower Works*, 134 Wis. 342, 114 N. W. 795, 14 L. R. A.
(N. S.) 1254.  The trial judge unlawfully commented on

the evidence. Const. art 4, § 16; *Stone v. Geyser Q. M. Co.,* 52 Cal. 315; *Bardwell v. Ziegler,* 3 Wash. 34, 28 Pac. 360;. *Cowie v. Seattle,* 22 Wash. 659, 62 Pac. 121; *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098; *City of Columbus v. Strassner,* 138 Ind. 301, 34 N. E. 5, 37 N. E. 719. The· jury are exclusive judges of the facts, and it was error to say what inferences should be drawn, or to control the· method or result of their reasoning. *Standard Cotton Mills· v. Cheatman,* 125 Ga. 649, 54 S. E. 650; *Louisville & N. R. Co. v. Kemper,* 153 Ind. 618, 53 N. E. 931; *Richards v. Fuller,* 38 Mich. 653; *McQuay v. Richmond etc. R. Co.,* 109· N. C. 585, 13 S. E. 944.

*Belt & Powell,* for respondent.

DUNBAR, J.—This was an action to recover damages for· personal injuries. Defendant is a corporation doing a general contracting business and, as such contracting company,. was engaged in constructing a building in the city of Spokane. The plaintiff was employed to do the metal lathing· in the building, with other men, and used a scaffold which was made by laying boards on brackets, when he was on the upper· part of the wall. While he was working on the upper scaffolding, the accident happened and the injuries complained of· were received. It is alleged that the scaffolding was negligently and carelessly constructed; that it fell without any· warning; that the scaffolding had been furnished by the con-- tractors; and further, that they had specially promised to· furnish the plaintiff with a good and safe scaffolding. The· material allegations were denied. The case went to trial, and: verdict was rendered by the jury in favor of the plaintiff for $4,000. On motion for a new trial, the court ordered the· same would be granted unless the plaintiff would elect to remit $1,500 from the verdict. The plaintiff made such election,. and the motion for a new trial was denied, to which exception was taken. Judgment for $2,500 was entered on the verdict. for the plaintiff, and from this judgment this appeal is taken..

Upon the conclusion of the respondent's testimony, appellant challenged the sufficiency of the evidence, and moved for a nonsuit, which motion was denied. A like motion was made at the conclusion of the whole testimony, which was also denied. The errors assigned are, the refusal of the court to sustain these two separate motions; that the motion for new trial should have been sustained; refusal to give instructions, and error in giving instructions; also that the verdict was excessive, and that the judgment was excessive.

It is not necessary to discuss assignment No. 1, for the reason that it is the established law of this jurisdiction that the motion is waived by putting in evidence in defense. *Port Townsend v. Lewis*, 34 Wash. 413, 75 Pac. 982; *Elmendorf v. Golden*, 37 Wash. 664, 80 Pac. 264; *Conine v. Olympia Logging Co.*, 42 Wash. 50, 84 Pac. 407; *Gardner v. Porter*, 45 Wash. 158, 88 Pac. 121. Under the doctrine of these cases, it becomes necessary to consider the case upon the whole evidence introduced by both parties. Considering the argument presented under the first assignment as applicable to the second, viz., that the court erred in not granting the motion at the close of all the testimony, it is contended by appellant that the respondent failed to prove negligence on the part of the appellant and that, as the doctrine of *res ipsa loquitur* cannot apply in this kind of a case, the motion for judgment for appellant should have been sustained.

Many cases are cited to sustain the contention that the doctrine of *res ipsa loquitur* cannot apply in the case of master and servant, and it is contended by the appellant that this case was tried on the theory of master and servant. Admitting the soundness of the doctrine contended for, and as announced in *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457, to the effect that, in order for the respondent to recover for his injury, it was necessary for him to show, not only that the appellant had been guilty of negligence, but that such negligence was the cause of his injury; yet, under the rule announced in *Labee v. Sultan Logging Co.*, 47 Wash.

57, 91 Pac. 560, the doctrine of *res ipsa loquitur* applies to this case. That was a case where a steel cable, furnished by the master to be used for a particular purpose, broke when used for that purpose in a proper manner, and it was held that the evidence was sufficient to make out a *prima facie* case of negligence on the part of the master in furnishing or using the cable. The court, in discussing the case, said:

"The evidence, in addition to showing that the cable broke and caused an injury to the respondent, showed that it was furnished to the respondent by the appellant for a particular purpose, and that it broke while being used in a proper manner for the purpose for which it was intended. This is some evidence of negligence on the part of the appellant. Instrumentalities intended for a particular purpose, and suitable and proper for that purpose, do not break when put to the use for which they were designed when used in a proper manner. So the converse of this proposition must be true. If the instrumentality does break when put to the use for which it is designed and used in a proper manner, it is evident that it was either defective in material or construction in the first instance, or has become so since it was put to use. Therefore, when the servant shows that the master furnished him an instrumentality to be used for a particular purpose, that he used for the purpose intended in the manner intended, and that it broke when being so used and injured him, he makes out a *prima facie* case of negligence against the master;"

citing *Coleman v. Mechanics' Iron Foundry Co.*, 168 Mass. 254, 46 N. E. 1065, and many other cases. That case seems to exactly decide the questions raised by the appellant in the case at bar. Here the instrumentality, the defects of which are complained of, as in the case quoted, was furnished to respondent by the appellant for a particular purpose, and it broke while being used in a proper manner for the purpose for which it was intended. The respondent showed that the appellant furnished him this instrumentality to be used for a particular purpose, and that he used it for that purpose. On this question of the furnishing of the scaffolding by the appellant to the respondent, and the assurance by the appel-

lant that it would furnish him a sufficient scaffolding upon which to do the work, there is a direct conflict of testimony. But, of course, for the purposes of this case, the testimony of the respondent will have to be considered as the testimony of the case.

The case of *LaBee v. Sultan Logging Co.* was again presented to this court on rehearing, and is reported in 51 Wash. 81, 97 Pac. 1104, where the doctrine is reaffirmed, the court saying:

"The weight of authority seems to support counsel's contention in so far as they contend that the doctrine is not applicable to cases between master and servant. The Federal cases uniformly so hold, and in the majority of the states the same rule obtains. See, *Northern Pac. R. Co. v. Dixon,* 139 Fed. 737, and the cases there collected. But the question being a new one in this state we have felt ourselves at liberty to inquire into the reasons for the rule, and to discard it if we found the reasons given to maintain it unsatisfactory."

The court then cites several cases and discusses them, concluding by saying that:

"These latter inquiries are not material to the question in hand. They are cited to show that a holding that denies to a servant, simply because he is a servant, the benefit of the rule of *res ipsa loquitur* in a proper case, is unreasonable and unjust, and is required by no rule of public policy. We see no reason to change our former holding  .  .  ."

So that it is unnecessary to discuss the cases cited by appellant, for the law has been definitely determined by this court contrary to its contention.

The case of *Metzler v. McKenzie,* 34 Wash. 470, 76 Pac. 114, cited by appellant, is not in point. There it was decided that a carpenter could not recover for personal injuries caused by the breaking of a defective plank used in the construction of a temporary staging erected by a fellow carpenter, without any supervision by the employer or his foreman, where the carpenters at work on the building, including the plaintiff, were employed, and it was customary

for them to erect their own staging, and the employer fur-
nished suitable material for the purpose, and provided com-
petent coservants, who failed to discover the defect in the
plank on inspection, and no one had any notice thereof; since
the negligence, if any, was that of a fellow servant. An en-
tirely different state of facts existed there from the state of
facts shown by the testimony of the respondent in this case,
the credibility of which was passed upon by the jury. Here
the staging was not built by a fellow servant under any cus-
tom or otherwise, the evidence being to the effect that the
respondent was in effect a subcontractor, and that his first
bid was rejected by the appellant because it was deemed to
be too high, and a bid was finally accepted, and as a condi-
tion of the bid the scaffolding was to be furnished by the
appellant. The testimony of Mr. Cleary on that subject, in
part, is as follows:

"He asked me what I would accept the work for by the
yard. I believe it was nine or nine and a half cents I stated.
He said that was too much; told me he would agree to put
me up a good, strong, substantial scaffold and lay the metal
at my hand and allow me eight and one-half cents a yard,
which I agreed to take."

Mr. Goodnight, who was present at the time the agreement
was made, testified substantially to the same effect.

The appellant proposed the following instruction, and the
refusal of the court to give the same is alleged as error:

"It is alleged in the complaint that the defendant orally
promised the plaintiff, at the time he entered into an agree-
ment to do this work, that defendant would build and con-
struct scaffolding for him to work on on the outside walls of
the car barn, in a safe and secure manner. If you should fail
to find this allegation proven by a fair preponderance of the
evidence, you must find a verdict for the defendant, no mat-
ter what you should find as to other matters, because there is
no evidence that the defendant failed to furnish suitable ma-
terials out of which the workmen were to construct the scaf-
fold or intrusted the construction of such scaffold to incom-
petent workmen."

This instruction we think went too far, because, if appellant agreed to furnish the scaffolding, the law would imply that the scaffolding was to be safe and secure; and the jury would have been misled if they had followed the literal instruction of the court and found against the respondent, because the appellant did not incorporate into its agreement the condition that the scaffolding would be safe and secure. In addition to this, we think the instruction as a whole was properly given, the court instructing, among other things, as follows:

"I further instruct you that if you find by the terms of the contract entered into between plaintiff and defendant, plaintiff was to have the use of the scaffolding already erected, he would be held to have assumed the risk of any defect in materials or manner of construction which the plaintiff knew or could have known by proper exercise of his faculties, and if you find that the accident was the result of such defect, your verdict should be for the defendant."

The appellant also assigns as error the giving of the following instruction by the court:

"I instruct you further that if the scaffolding was built by defendants for the use of plaintiff in doing the work he was engaged to do and that plaintiff was rightfully thereon, and that it fell while being used by him in a proper manner for the purpose for which it was built, the presumption is that the scaffolding was either defective in material or construction in the first instance or had become so since it was put to use; and the defendants would be liable to plaintiff for the injuries, if any, sustained by him from the falling of said scaffold."

This instruction is exactly in line with the law as laid down by this court in *LaBee v. Sultan Logging Co., supra,* so that it is not necessary to discuss that phase of it.

It is, however, contended further by the appellant that the court violated § 16 of art. 4 of the constitution of Washington, which provides that judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law. But we are unable to discover in this in-

struction any comment on the testimony or on the weight of the testimony. The instruction sets forth the legal effect of a certain state of facts, and such an instruction cannot very well be avoided by a court, and is as admissible as any instruction informing the jury what constitutes negligence under the law.

As to the contention that the verdict was excessive, that question having been submitted to the trial judge and the reduction made, presumably in accordance with his views of what was shown by the testimony in the case, we would not feel justified, under the testimony as shown by the record, in interfering with that judgment.

There seems to have been no reversible error committed in the case, and the judgment is therefore affirmed.

FULLERTON, CHADWICK, CROW, PARKER, and MOUNT, JJ., concur.