[No. 8756.   Department One.   July 13, 1910.]

G. W. GRAAF, *Appellant,* v. VULCAN IRON WORKS, *Respondent.*[1]

MASTER AND SERVANT—NEGLIGENCE—SAFE APPLIANCES—QUESTION FOR JURY. Negligence of the master may be inferred from an accident on the principle of *res ipsa loquitur* and is a question for the jury, where the right-hand wheel of a truck dropped off, injuring a machinist who was assisting in pushing the truck bearing an iron column weighing 1,600 pounds, a number of such trucks having been used in the shop for such purposes indiscriminately for twelve years whenever needed by any of the employees, and the injured servant owing no duty to inspect or keep the same in repair.

SAME—ASSUMPTION OF RISKS—CONTRIBUTORY NEGLIGENCE. A machinist does not assume the risk, and is not guilty of contributory negligence, in using a truck for wheeling a heavy iron casting, the wheel of which dropped off, where there were several such trucks in the shop, used indiscriminately for that purpose whenever needed by any of the employees, who took the one most convenient, and where he owed no duty to inspect or keep them in repair.

'Reported in 109 Pac. 1016.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 18, 1910, upon motion of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee engaged as a machinist. Reversed.

*Blaine, Tucker & Hyland* and *Robert C. Saunders*, for appellant.

*Farrell, Kane & Stratton*, for respondent.

Gose, J.—The plaintiff brought this action to recover damages for personal injuries sustained while employed by the defendant. There was a verdict in his favor. Thereafter, upon the motion of the defendant, a judgment of dismissal was entered. The plaintiff has appealed.

The case was submitted to the jury upon the evidence introduced by the appellant, the respondent offering no testimony. The facts are few and simple. The record discloses that the appellant, at the time of the injury, had been employed by the respondent in its machine works as a machinist for twelve years; that his main work was to operate a planer, by means of which heavy iron was turned and shaped for final assembly into machinery of different kinds; that when the planer work was finished, the iron was loaded upon a truck by means of a traveling crane, and then moved by the machinist to another part of the shop; that there were five or six of these trucks in use; that they were ten or twelve feet in length, about twenty inches in height, and were designed to, and did, carry heavy loads of material; that the frame of the trucks was wood, set upon round iron axles, resting upon two iron wheels held in place by a split pin, the axle revolving with the wheel; that at the time of the accident, the appellant, with an assistant, was wheeling one of the trucks, loaded with a cast iron column sixteen feet in length and weighing about 1,600 pounds; that the appellant was at one end of the casting "steering and shoving;" that the right wheel dropped

off, causing the column to strike the wall, severing the appellant's thumb.

The evidence further shows, that the same or similar trucks had been in use in the respondent's shops for twelve years or more; that the appellant used them as occasion required; that at times he would use one several times a day, and at other times a week would elapse without his using them; that in using them he selected the one that was most convenient, and that they were used indiscriminately by the employees of the shop for wheeling material about the shop, or for whatever purpose "the help, employees, or foreman, or others wanted to use them for;" that the appellant had not been instructed to inspect the trucks, or see that they were kept in repair; that he did not inspect them; that he did not know whether the pin came out or what caused the wheel to come off, and that he did not know that the axle revolved, until after he had received the injury.

We think the record presents a state of facts which, unexplained, warranted the jury in inferring the negligence of the respondent. There was no duty of inspection cast upon the appellant, either expressly or by implication; nor was the truck in his exclusive use or control. Its use was a mere incident to his main employment as a machinist. It is fundamental that it is the duty of the master to furnish the servant reasonably safe instrumentalities with which to carry on his work, and to maintain them in a reasonably safe condition. Common observation and experience teach that sound appliances do not break when employed in a proper manner and in the use for which they were designed. If they break when so used, it is a circumstance from which it may be inferred either that they were defective in the beginning, or had become so by use. The evidence warrants the conclusion that the truck was not overloaded, and that it was being used in the ordinary way for the work for which the master had furnished it.

There is no evidence of any negligence upon the part of the

appellant.   He assumed only the risks that were open and apparent.   He did not assume the risk of the failure of the master to keep the trucks in repair, when the want of repair was not open or apparent.   He testified that he was not instructed to inspect or repair the trucks.   The respondent had five or six trucks, used, and intended by it to be used, by any of its employees who might need them.   No one truck was alloted to the appellant.   When he had occasion to use one, he took the nearest one that was not in use.   To hold that the duty to inspect was cast upon him by implication, would be to say that it was the duty of each employee to inspect each truck every time he used it, when it is apparent that, if this duty were imposed upon all the employees, the same trucks would probably be inspected by a half dozen different men on the same day.   It is apparent that the respondent did not intend such a waste of time and energy.   The doctrine of *res ipsa loquitur* means that the jury, from their experience and observation as men, are warranted in finding that an accident of this kind does not ordinarily happen except in consequence of negligence.   As was said in *Griffin v. Boston & Albany R. Co.*, 148 Mass. 143, 19 N. E. 166, 12 Am. St. 526, 1 L. R. A. 698:

"All that the plaintiff upon this branch of his case was required to do was to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause."

The jury was warranted upon the facts in finding that the appellant had exonerated himself from the imputation of negligence, and that the injury would not have happened but for the negligence of the respondent. This view is supported by the decisions of both this and other courts.   *LaBee v. Sultan Logging Co.*, 47 Wash. 57, 91 Pac. 560, 20 L. R. A. (N. S.) 405; *Id.*, 51 Wash. 81, 97 Pac. 1104; *Cleary v. General Contracting Co.*, 53 Wash. 254, 101 Pac. 888; *Sullivan v. Rowe*, 194 Mass. 500, 80 N. E. 459; *Graham v. Badger*,

164 Mass. 42, 41 N. E. 61; *Barnowsky v. Helson*, 89 Mich. 523, 50 N. W. 989, 15 L. R. A. 33.

The respondent urges that the accident "might have been due to causes for which the servant was responsible, or those for which the master was responsible, or those for which neither was responsible, because it may not have been due to negligence at all." The answer to this contention is that the jury has, upon the evidence submitted, weighed the probabilities, exonerated the servant, and found the master guilty of negligence. As we have seen, the respondent offered no testimony. Surely it cannot be said that reasonable minds may not differ as to whether the appellant was negligent.

The judgment is reversed, with directions to enter a judgment upon the verdict.

RUDKIN, C. J., FULLERTON, and CHADWICK, JJ., concur.