[No. 8451.  Department Two.  July 16, 1910.]

# W. C. LaBee, *Respondent*, v. Sultan Logging Company, *Appellant.*[1]

CONTINUANCE—ABSENCE OF WITNESS—DILIGENCE.  A continuance is properly denied to defendant to secure the attendance of a witness in its employ in British Columbia and under its control, where his evidence had been given on a former trial, issues on amended pleadings had been made up for two months, and no excuse was shown for failing to take his deposition, nor due diligence exercised to secure his attendance.

MASTER AND SERVANT—NEGLIGENCE—DEFECTIVE APPLIANCES—EVIDENCE—QUESTION FOR JURY.  The negligence of a master in furnishing a defective wire rope to support a gin pole is for the jury, where there was evidence which, though contradicted, tended to show that the rope broke at a splice, which should be stronger than at any other place if properly spliced, that the defendant was attempting to move a heavier load than usual, and applied the power before plaintiff had released a brake; since there was direct evidence of the breaking of an appliance through defendant's negligence, and evidence eliminating negligence by the plaintiff and his fellow servants.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS.  Where there was no evidence warranting the submission to the jury of the issue of assumption of risks, error in instructions thereon are not prejudicial to the defendant.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered April 3, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee through the breaking of a cable.  Affirmed.

*Graves & Murphy*, for appellant.
*Roney & Loveless* and *Hathaway & Alston*, for respondent.

CROW, J.—This action, which was commenced by W. C. LaBee against Sultan Logging Company, a corporation, to recover damages for personal injuries, has heretofore been

[1]Reported in 109 Pac. 1023.

in this court on a former appeal (47 Wash. 57, 91 Pac. 560, 20 L. R. A. N. S., 405), and on rehearing (51 Wash. 81, 97 Pac. 1104). From a judgment in plaintiff's favor entered upon a second trial, the defendant has appealed.

The appellant first contends that the trial court erred in denying a continuance which it asked to secure the attendance and evidence of one Guy Bower. It appears that Bower, then appellant's foreman, was present at the time and place of the accident; that in December, 1908, this cause was noted for setting for trial; that on February 27, 1909, it was set down for trial on March 22, 1909; that during the winter of 1908-9 Bower was in British Columbia, employed by stockholders of appellant; that he was subject to appellant's control, and that appellant had not taken his deposition, as it wished and expected his attendance at the trial. Appellant contended that, by reason of the season of the year, the weather conditions, imperfect means of transportation, and lack of time, it could not reach Bower after the setting of the cause and prior to the trial. It theretofore had time to take his deposition, but neglected to do so. This was the second trial. The issues had been completed upon a second amended complaint, for more than two months. The respondent had introduced his evidence on the former trial. The appellant was advised of his evidence and the issues. No sufficient excuse has been shown for appellant's failure to take Bower's deposition, nor does it appear that it exercised due diligence to secure his attendance. The trial judge committed no error in refusing the continuance.

After the former appeal, the respondent filed a second amended complaint, in which he pleaded appellant's negligence as follows:

"That the plaintiff's work as second or assistant loader consisted in helping to load logs on empty cars and in assisting in removing a loaded car from its position under the 'gin pole' to be replaced by an unloaded car; that on the 24th day of May, 1906, at the time of the accident complained of,

the defendant had several loaded cars and one unloaded car coupled together in a train, the car last loaded being yet in its position under the said 'gin pole' and, to move the said train in order to bring said unloaded car into position under the 'gin pole' for the purpose of loading it, the loose end of the wire rope, attached to the donkey engine and passing over said pulley at the upper end of said 'gin pole,' was attached by the defendant, according to its custom, to the end of the unloaded car farthest from the loaded cars; that the defendant in order to unset or loosen the brakes of its cars had provided a piece of gas pipe about three feet long; that the plaintiff on said day of May, 1906, while in the discharge of his duties and in obedience to the expressed orders of the defendant, after securing said piece of gas pipe provided by defendant for loosening brakes, mounted the said unloaded car, unset or loosened the brakes of the same and stepped forward on the end of the car last loaded with logs for the purpose of unsetting or loosening its brakes; that as plaintiff was preparing to insert the said piece of gas pipe into the wheel in order to unset or loosen the brakes of said last loaded car, the defendant by its foreman Gus Bowers gave orders to the engineer, without plaintiff's knowledge, to turn on the power of the engine and move the said train in order to bring the said unloaded car into position under the said 'gin pole;' that while plaintiff was in the act of inserting the piece of said gas pipe into the wheel of said brake to unset or loosen it, he noticed the farthest end of the said unloaded car heave up; that plaintiff, taking warning, immediately attempted to jump from his position on the end of the said car last loaded when one of the three wire ropes, improperly, carelessly, and negligently fastened by the defendant to the upper end of the 'gin pole' for the purpose of securely holding the 'gin pole' in its inclined and leaning position over the railroad or switch track, and negligently and defectively spliced into the ring that was thrown over and around said 'gin pole' and negligently, carelessly, wantonly and knowingly allowed by defendant to become old, worn, weakened and rusted and in much need of repairs or displacement by a new rope, broke and the whole weight of the said 'gin pole' came down on the plaintiff."

Appellant now insists that the respondent failed to introduce evidence to show negligence on its part, other than in

giving the signal while the brake was set on the loaded car and before it had been released, and contends that the trial court erred in refusing to withdraw from the jury all questions of negligence except that relative to giving the signal. In other words, appellant now insists that the evidence was insufficient to show negligence on its part in failing to provide suitable and safe appliances. Respondent's evidence and that of his witnesses was sufficient to show that he was using appliances provided by appellant in the manner intended and as directed by appellant; that the guy rope broke in a splice made by the appellant; that a rope properly spliced would ordinarily be stronger in the splice than at any other point; that the rope had theretofore been used as a yarding line; that many of its strands had been worn and broken; that each strand came to the surface at some point, which fact the respondent contended would have a tendency to weaken the entire line, the strands being worn and broken on the surface; that at the time of the accident the appellant was endeavoring to move a heavier load than it had moved theretofore; that it was attempting to pull four loaded cars and one empty car up grade; that the order was given for the engineer to apply the power before respondent had released a brake on a loaded car, and that the guy rope broke, causing the accident. In our former opinion less evidence was held sufficient to make a *prima facie* case of negligence against the master. On the rehearing, *LaBee v. Sultan Logging Co.*, 51 Wash. 81, 97 Pac. 1104, we said:

"The injury itself proves nothing; it may have been the fault of the servant. But in a case where the servant eliminates any fault on his part by showing that the injury was caused by the giving way of an instrumentality furnished him with which to work, while he was using it for the purposes intended, and in the manner directed, he shows that the fault is in the instrumentality itself for which the master is *prima facie* responsible. The case differs from an ordinary case of injury only in the manner of proof. In each case, of course, a *prima facie* case of negligence against the master must be made out, but in the one it is made out by showing the in-

jury, and eliminating negligence on the part of the servant and his fellow servants, while in the other it is made out by direct evidence of negligence on the part of the master."

Respondent not only showed the use of the appliance by him as directed by appellant, and its breaking, but also introduced evidence eliminating negligence on his part and that of his fellow servants. While it is true that conflicting and contradictory evidence was introduced by appellant, the question as to whether it was sufficient to rebut and overcome the proof produced by respondent and relieve appellant from the charge of negligence, was for the exclusive consideration of the jury. They resolved the issues in respondent's favor, and their verdict, being supported by the evidence, cannot be disturbed.

Appellant further contends that the trial court erred in certain instructions to the jury. We have carefully read all the instructions and conclude that they correctly and clearly state the law applicable to the issues presented by the pleadings and the evidence. The appellant having pleaded the defense of assumption of risk, now takes exception to a portion of two instructions pertaining to that defense and quoted in its brief. Although certain language used in the quotation might, when separately and casually considered, appear objectionable, the entire instruction cannot be misunderstood, nor was it prejudicial. In any event, there was no evidence to sustain the affirmative defense of assumption of risk, and no instruction should have been given on that subject other than to withdraw it from the consideration of the jury.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, and DUNBAR, JJ., concur.