[No. 19754. Department One. August 24, 1926.]

ERNEST POTH *et al., Respondents,* v. DEXTER
HORTON ESTATE, *Appellant.*[1]

[1] NEGLIGENCE (6, 38)—CARE AS TO LICENSEES—EVIDENCE—SUFFI-
CIENCY—RES IPSA LOQUITUR. A *prima facie* case is made as to the
negligence on the part of the owner of a building where it ap-
pears that plaintiff, about to enter the building, was struck by
a window shade falling from the building, on the doctrine of
*res ipsa loquitur.*

[2] SAME (6, 38). Such a *prima facie* case is not met by proof that
the building was not at the time completed and that installation
of window shades had been left to an independent contractor
and was then in progress, where there was no proof that the
shade that fell did not come from a completed part of the
building which had been accepted from the contractor and was
then in possession of tenants of the building.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered October 27, 1925,
upon the verdict of a jury rendered in favor of the
plaintiffs in an action for personal injuries. Affirmed.

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.
*John F. Dore* and *F. C. Reagan,* for respondents.

FULLERTON, J.—The appellant, The Dexter Horton
Estate, a corporation, is the owner of a building sit-
uated in the city of Seattle. The building is several
stories in height, and faces and abuts upon Third street
of the city named. On the lower floor of the building,
that is to say, the floor approximating the grade of
Third street, is a banking house, the main entrance
door to which opens upon that street. On November
5, 1923, the respondent, Susan Poth, desiring to trans-
act some business with the bank, approached the en-
trance door, reaching it some few minutes before the

[1]Reported in 248 Pac. 374.

bank opened for the transaction of business on that day. While she was standing in the street in front of the door waiting for the bank to open, an object fell from an upper story of the building, striking her on the head and arm, causing her serious injuries. The present action was brought by the respondents to recover for the injuries suffered. They were successful in the court below, and the appeal before us is from the judgment entered in their favor.

In addition to the facts as above outlined, the evidence on the part of the respondents tended to show that the object which fell upon and injured Mrs. Poth was the roller of a window shade. The particular roller which struck the respondent was not produced at the trial. It was seen by the injured respondent after it struck her and lodged on the street pavement, and shortly thereafter in an office of the bank to which it was carried by some person other than herself. On the request of the respondents, the appellant produced a roller similar in kind to those used on the window shades of the building, which was introduced in evidence. This the respondent testified was similar in kind to the one which struck her, although she thought the one that struck her was somewhat larger. The one produced is a wooden roller approximately five feet in length and an inch and a quarter in diameter.

[1]    At the close of respondents' testimony in chief, the appellant challenged its legal sufficiency, pursuant to § 340 of the code (Rem. Comp. Stat.), which challenge the trial court refused to sustain. The ruling of the court in this regard constitutes the first of the errors assigned. It is our opinion that the evidence made a case for the jury. The respondent, at the time she was injured, was upon a public street, at a place where she had a right to be, and was guilty of no con-

duct which in any degree caused or contributed to her injury. The appellant owned and controlled the building from which the object which injured her came. It was the appellant's duty to see that the building was so constructed and maintained as not to be a source of danger to the users of the street in its front. Its neglect of this duty is negligence. When, therefore, the respondents showed that the injured respondent was herself without fault and that the object which caused the injury came from a building owned by the appellant, and of which it presumably had the management and control, they made out a *prima facie* case, sufficient, without more, to sustain a recovery against it.

The principle here announced is not new in this state. In *Anderson v. McCarthy Dry Goods Co.*, 49 Wash. 398, 95 Pac. 325, 125 Am. St. 870, 16 L. R. A. (N. S.) 931, the plaintiff was injured by the fall of a basket used by the defendant in carrying goods from the counter where purchased to its wrapping department, and it was held that the very fact of the fall of the basket established a *prima facie* case of negligence. In *Wodnik v. Luna Park Amusement Co.*, 69 Wash. 638, 125 Pac. 941, 42 L. R. A. (N. S.) 1070, the defendant was the owner and manager of an amusement park. Among the devices for affording amusement in use at the park was a mechanical contrivance called a striking machine, so arranged that the stroke of a blow thereon with a long-handled mallet would be registered in pounds. The mallet was furnished by the defendant. The plaintiff, desiring to use the device, was furnished a mallet by the attendant in charge, which was defective, in that the head of the mallet was not securely fastened to the handle. While using the mallet in the manner intended, the head flew off, resulting in an in-

jury to the plaintiff. The evidence on the part of the plaintiff showed only the foregoing facts, and it was contended that it was insufficient to sustain a recovery, because it failed to show negligence on the part of the defendant. Answering the objection we said:

"The appellants also contend that there was no evidence of negligence on their part. The respondent's testimony as to how the injury occurred was substantially as alleged in the complaint. We think that the fact that the head of the mallet flew off while the mallet was being used by the respondent for the very purpose for which it was furnished to him was sufficient to cast the burden of explanation upon the appellants. No explanation being offered, the jury was warranted in inferring that the head of the mallet came off because it was negligently and insecurely fastened to the handle.

" 'When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.' 1 Shearman & Redfield, Negligence (5th ed.), § 59.

"The doctrine of *res ipsa loquitur* means that the jury, from their experience and observation as men, are warranted in finding that an accident of this kind does not ordinarily happen except in consequence of negligence. As was said in *Griffin v. Boston & Albany R. Co.*, 148 Mass. 143, 19 N. E. 166, 12 Am. St. 526, 1 L. R. A. 698: 'All that the plaintiff upon this branch of his case was required to do was to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause.' *Graaf v. Vulcan Iron Works*, 59 Wash. 325, 109 Pac. 1016.''

See, also, *LaBee v. Sultan Logging Co.*, 47 Wash. 57, 91 Pac. 560, 20 L. R. A. (N. S.) 405, 51 Wash. 81, 97 Pac. 1104, 59 Wash. 341, 109 Pac. 1023; *Firebaugh v. Seattle Electric Co.*, 40 Wash. 658, 82 Pac. 995, 111

Am. St. Rep. 990, 2 L. R. A. (N. S.) 836; *Williams v. Spokane Falls & N. R. Co.*, 39 Wash. 77, 80 Pac. 1100; *Cleary v. General Contracting Co.*, 53 Wash. 254, 101 Pac. 888; *Graaf v. Vulcan Iron Works*, 59 Wash. 325, 109 Pac. 1016; *Riggs v. Northern Pac. R. Co.*, 60 Wash. 292, 111 Pac. 162.

The general rule is to the same effect. This we noted in the case of *Anderson v. McCarthy Dry Goods Co.*, *supra*, saying that "the rule is applied to cases of injury from falling objects perhaps more than to any other class of cases, aside from those having to do with common carriers;" citing a long list of cases from other jurisdictions in its support. So in Ruling Case Law (Vol. 20, p. 191, § 158) it is said:

"The doctrine *res ipsa loquitur* has found a frequent application in cases of injuries from falling objects and substances. Evidence that an object whose fall has caused an injury to a traveler upon a public thoroughfare was under the management of the defendant or his servants has frequently been held to be sufficient to establish a want of due care on the part of such defendant, if the accident is such as in the ordinary course of things does not happen, and no adequate explanation of its occurrence is offered. The rule has been applied in many instances to injuries produced by the fall of awnings, signs, walls, buildings, parts of buildings, building materials, tools, electric wires, and many other objects. It is generally agreed that from the fact alone, unexplained, that an elevator fell in the shaft it may be justly and properly inferred that there was negligence on the part of the owner in the management of the elevator, or that its construction was faulty and dangerous."

[2] The appellant next contends that the trial court erred in denying its motion for a directed verdict in its favor at the conclusion of all of the evidence. This contention has its foundation in the testimony of the appellant's manager. That officer testified, in sub-

stance, that the construction of that part of its building from which the curtain roller fell, had been let to an independent contractor, that, at the time of the accident, the building had not been completed and had not then been accepted as completed by the appellant, and that the contractor's workmen were then engaged "all over the building." He further testified that the contract of furnishing and installing the window shades in the building had been let to another independent contractor, and that the work of installing them was in progress at the time of the accident; that no blank rollers, that is, rollers without curtains attached to them, had ever been in the building, except certain ones which had been brought to the building as samples prior to the execution of the contract for the installation of the shades, and that these had been carried away by the contractor. He also testified that certain of the rooms immediately over the bank entrance, before which the respondent stood at the time she was injured, were occupied by tenants.

But notwithstanding the appellant argues forcefully to the contrary, it is not our opinion that the facts shown exonerate it from liability. The evidence on the part of the respondents made a *prima facie* case of negligence against it, and, to relieve itself from the consequences that follow therefrom, it must show that it was not guilty of the negligence the proofs impute to it. This it does not do by showing possible causes for the injury for which it is not responsible. On the contrary, it must go further and show that the injury did not arise from any cause for which it is responsible. It may make the showing, we concede, by a process of elimination; that is, it may show that there is no reasonably possible cause for the accident for which it is responsible. But the evidence it introduced falls far

short of this. It does not preclude the possibility that the falling roller came from a tenant's room. The tenants were its own tenants. The part of the building they occupied it had accepted, or it at least had assumed control over the part so occupied. It was within its power to show that the falling roller did not come from this source, and, since a fall from such a source could be because of the fault of the appellant, we cannot conclude as matter of law that it has shown a want of liability on its part for the consequences of the fall.

The judgment is affirmed.

TOLMAN, C. J., BRIDGES, HOLCOMB, and ASKREN, JJ., concur.