[No. 21130.   Department Two.   June 19, 1928.]

JOSEPH MILLER, *Appellant,* v. WESTERN STEVEDORE COMPANY, *Respondent.*[1]

[1] MASTER AND SERVANT (49, 94)—INJURIES TO SERVANT—SHIPPING —INSPECTION—ASSUMPTION OF RISKS.  A non-suit is properly granted in an action for personal injuries sustained by a stevedore, shoveling coal in the hold of a vessel, and struck by the fall of a timber on top of or imbedded in the coal, where it appears that it was a very unusual occurrence, the defendant stevedore company had nothing to do with loading the coal, no conditions existed suggesting the necessity of an inspection, and there was nothing to show that an inspection would have disclosed the existence of the timber.

Appeal from a judgment of the superior court for King county, Jones, J., entered October 14, 1927, dismissing, at the close of plaintiff's case, an action for personal injuries sustained by a stevedore in unloading a vessel. Affirmed.

*Wm. Martin* and *J. O. Davies,* for appellant.

*Stephen V. Carey* and *R. E. Bigham,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, upon motion of the defendant, the case was taken from the jury. From the

[1]Reported in 268 Pac. 177.

judgment entered dismissing the action the plaintiff appeals.

The facts are these: Appellant was a longshoreman. The respondent was a corporation engaged in the business of loading and unloading vessels in the harbor at Seattle. May 18, 1926, the steamship Peter Kerr was anchored at one of the docks in the harbor. It had on board a considerable quantity of coal. The respondent had contracted to remove the coal from the vessel and place it upon the dock. The coal was stored in the forward part of the lower hold of the vessel. It extended from the bow back to hatchway number one, a distance of forty-five or fifty feet. The depth of the coal, as testified by one witness, was sixteen feet, and another thirty feet. This discrepancy is immaterial, because the testimony is clear that, between the top of the coal and the deck next above, there was a space of from ten to fifteen feet. The hold of the vessel was not lighted, except such light as came down through the hatchway. It is described by the witnesses as being dark therein.

On the morning of the day mentioned, the respondent placed a crew of eight men in the hold of the vessel to shovel the coal into buckets or baskets, which then were taken up through the hatchway and passed to the adjacent dock. Two men shoveled coal into each basket. When the work began, the foot of the coal extended out into the hatchway. The work proceeded until about two o'clock in the afternoon, when a heavy timber, eight by ten inches and twelve or fourteen feet long, came down and struck the appellant, causing the injuries of which he complains. Whether this timber was on top of the coal or imbedded therein, the evidence does not disclose. The first that any of the witnesses testifying saw the timber was at the instant it hit the appellant. At this time, more than

half of the coal had been removed and the men were working some distance to the front of the hatchway. The evidence is that the coming down of the timber from, or on top of, the coal was a very unusual occurrence. All the witnesses that testified with reference to it stated they had not known such a thing to happen before. Before starting to remove the coal, the respondent made no inspection to ascertain if a heavy timber, or any other thing likely to cause injury to the men, was on top of the coal. The coal was on board the vessel when it came into port, and the respondent had no connection with it except to remove it.

[1] The controlling question is, whether the respondent was negligent in failing to inspect. It is a well-known rule that the employer assumes the duty towards his employee of exercising reasonable care and diligence to provide the employee with a reasonably safe place in which to work. It is also a well-settled doctrine that the court is only justified in withdrawing a case from the jury when there is neither evidence, nor reasonable inference from evidence, upon which a verdict might rest. The question then, more precisely stated, is whether the trial court was justified as a matter of law in withdrawing the case from the jury because there was no evidence, or reasonable inference from evidence, that the respondent had failed to exercise due diligence in not causing an inspection to be made before the work had started. As above indicated, it does not appear from the evidence that an inspection, if made, would have discovered the timber causing the injury to the appellant. There was no evidence to show whether this timber was imbedded in the coal or resting on top thereof. Aside from this, the respondent, not being the owner of the vessel and not having anything to do with loading the coal, was not required to make an inspection in the

absence of any condition to excite suspicion or to suggest defects or danger. In *Liverani v. Clark & Son,* 231 N. Y. 178, the action was by an injured employee against a stevedore, as here. The defect which caused the injury was a part of the steamship. It was there said:

"Under such circumstances what was the duty which the law placed upon the stevedore with relation to the use of the ship and its parts? In the absence of any condition to excite suspicion or to suggest defects or danger, the stevedore might assume the safety of the appliances and that due care had been used by the shipowner to keep and maintain them in reasonably safe condition. *(Kirk v. Sturdy,* 187 Mass. 87; *O'Doherty v. Postal Telegraph-Cable Company,* 134 App. Div. 298.) This does not mean that the stevedore could use the tackle or the ship's parts blindly and without looking at them, but that if appearances indicated no danger or defects, an inspection by tests for latent imperfections was not required of it. To expect a stevedore in the absence of these indications to minutely examine masts, booms and bolts and apply to them expert scrutiny before permitting his servants to use them would be unreasonable. This rule has been recognized in this case by counsel for the respondent and it is claimed by him that the condition of the ring-bolt was such as to give notice of defects to the stevedore requiring further examination than was made by it."

The cases of *Barnevo v. Munson Steamship Line,* 239 N. Y. 486, and *Barbaro v. Auditore Contracting Co.,* 215 App. Div. 595, 214 N. Y. Supp. 221, 1926 A. M. C. 522, are to the same effect. In *Moynihan v. King's Windsor Cement Dry Mortar Co.,* 168 Mass. 450, 47 N. E. 425, the case was the same, except that the defendant there was a warehouseman and not a stevedore. It was removing freight from a vessel when a rope, which was a part of the equipment furnished by

the vessel, broke and caused the plaintiff's injury. It was there said:

"In the absence of anything to excite suspicion or apprehension, the defendant might assume that due care would be used by those in charge of the vessel. It was a matter which it was their duty to see to. It was within their part of the work, and the stage man employed by the captain was to stand constantly upon the swinging stage. There was no evidence of a usage on the part of warehousemen to inspect the rigging, under such circumstances. No duty of inspection rested on the defendant, unless there was something in the facts or circumstances to show that such an inspection ought to have been made. No witness testified to having observed anything in the mode of supporting the stage to excite attention. There was, indeed, the evidence of one Pray, who had never seen this stage, nor any other like it, in use, and whose knowledge of stages was confined to those of a different kind, used for the unloading of sugar in bags four times as heavy as the bags of cement and mortar. His opinion that a swinging stage like the one in question was not safe and adequate amounted to nothing, because such stages were in common use, and the plaintiff took his chance upon this kind of stage, supported by ropes fastened to the masts. The plaintiff cannot recover unless there was negligence in providing an insufficient support. He was used to working upon similar stages, and his only ground of complaint is that the rope was rotten. Evidence that different kinds of staging were used for unloading sugar elsewhere was of no importance. *Veginan v. Morse,* 160 Mass. 143.

"Upon the evidence, no duty of inspection of the ropes to see that they were sound rested upon the defendant. *Carragan v. Fall River Iron Works Co.,* 158 Mass. 596. *Regan v. Donovan,* 159 Mass. 1. *Shea v. Wellington,* 163 Mass. 364. *O'Connor v. Rich,* 164 Mass. 560.

"It was therefore properly ruled that the action could not be maintained against the defendant; but

it does not follow that the plaintiff is without remedy against the owners of the vessel."

A like view was expressed by the Federal district court of Oregon in the case of *Yates v. Jones & Son,* 1926 A. M. C. 588. So far as the question has been before the courts, it appears that there has been entire harmony in the holdings.

The question then arises whether there was anything in the present case to suggest to the respondent a condition which would excite suspicion or suggest defects or danger, and thus require an inspection to be made before the men went to work in the hold of the vessel in order to avoid liability. The evidence supports no facts from which it can be reasonably inferred that the respondent should have suspected any unusual danger in connection with the removal of the coal or which would have suggested to it any defects or dangers in the manner in which it had been loaded.

In the case of *Lund v. Griffiths & Sprague Stevedoring Co.,* 108 Wash. 220, 183 Pac. 123, cited by appellant, the question for determination in the case now before us was not discussed or decided, and therefore that case is not controlling. In *Poth v. Dexter Horton Estate,* 140 Wash. 272, 248 Pac. 374, the action was against the owner of the building and not, as here, against one being employed to remove freight or do some other particular thing for the owner. That case would be more closely in point, if the action was against the owner of the vessel instead of against the stevedore. As to the other cases cited by the appellant, it may be said that they have all been examined, and in none of them do we find the exact question now before us presented or determined.

The facts of this case bring it within the rule of the

above cases, and the trial court was right in withdrawing the case from the jury.

The judgment will be affirmed.

FULLERTON, C. J., ASKREN, HOLCOMB, and BEALS, JJ., concur.