[No. 24692. Department One. December 13, 1933.]

GLADYS A. MUNGER, *Respondent,* v. UNION SAVINGS & LOAN ASSOCIATION, *Appellant.*[1]

[1]Reported in 27 P. (2d) 709.

456

*Whittemore & Truscott,* for appellant.

*John J. Sullivan* and *Everett O. Butts,* for respondent.

MITCHELL, J.—This is a personal injury action brought by Gladys A. Munger against Union Savings & Loan Association, a corporation. The accident out of which the action arose occurred in front of a building occupied by the defendant on Second avenue in Seattle. The building was four stories high, and was under the control of the defendant as a lessee for years. The defendant used the first and second floors for the transaction of its business, while the third and fourth floors were occupied by its subtenant in the operation of a hotel business known as the University Hotel.

The hotel proprietor constructed a sign, made of cloth fastened in a wooden frame three by five feet, on which the name of the hotel was printed, and suspended it by wire on the outside wall from nails in the window sill of the third story. During a gust of wind, as the plaintiff was standing on the sidewalk next to the building awaiting a traffic signal to allow her to cross the street, the hotel sign fell on her and severely injured her.

Upon a trial to a jury, the verdict was for the plaintiff in the sum of $1,672.50, upon which judgment was entered against the defendant, from which judgment this appeal has been taken.

The denial of a motion for a nonsuit at the close of plaintiff's evidence, of a motion for dismissal at the close of all the evidence, and of a motion for judg-

ment notwithstanding the verdict, are assigned as errors and discussed together. 36 C. J. 239, Tiffany on Landlord and Tenant, § 101, Shearman & Redfield on Negligence (6th ed.), §§ 709-A, 710, and other similar authorities, are cited and relied on by the appellant to the effect that, where a lessor gives up full control and possession of premises to a tenant, which at the time are not in a dangerous condition due to defect in construction or to a continuing nuisance thereon, the lessor is not liable for personal injuries to a stranger due to the negligence of the lessee, his servants or agents or the defective condition of the premises occurring after the beginning of the lease.

In this case, the appellant lessor did not give up full control and possession of the premises sublet and used for hotel purposes. In the dealings with the subtenant, the appellant corporation was represented by R. M. Schuster, its secretary. The contract between the appellant and its subtenant for the third and fourth floors provided "that any and all signs placed in said building must have approval of lessor in writing." With respect to this matter, the subtenant testified: "I took the picture to Schuster personally, and it was with his approval that I put the sign up." This testimony was not contradicted, although Mr. Schuster was a witness at the trial.

The provision that the approval of the lessor to put signs on the premises sublet should be in *writing* is immaterial here, where the rights of a third party, without fault and on a public street, are involved, and because the appellant, without standing on its rights, did give approval pursuant to which the sign was put up. In this respect, it may be further stated that the sign, after it was put up almost over the front entrance to the appellant's place of business conducted

on the street or ground floor, was plainly visible from the street and sidewalk in front of the building.

This is not a case of one being injured on the premises to which a lessor has given up full control and possession to a tenant, but it is one in which a person is injured, without any fault on her part, as she walked along a public sidewalk, by the falling of an object negligently placed on the wall of a building adjoining the sidewalk. The case falls within the doctrine of *Poth v. Dexter Horton Estate,* 140 Wash. 272, 248 Pac. 374. In that case, a party was standing on the street in front of the door waiting for the bank to open when an object fell from an upper story of the building, striking and severely injuring her. Judgment was recovered against the owner of the building. In the trial, the court refused to sustain a challenge to the sufficiency of the evidence on the part of the plaintiff to take the case to the jury. On appeal, this court said:

"The ruling of the court in this regard constitutes the first of the errors assigned. It is our opinion that the evidence made a case for the jury. The respondent, at the time she was injured, was upon a public street, at a place where she had a right to be, and was guilty of no conduct which in any degree caused or contributed to her injury. The appellant owned and controlled the building from which the object which injured her came. It was the appellant's duty to see that the building was so constructed and maintained as not to be a source of danger to the users of the street in its front. Its neglect of this duty is negligence. When, therefore, the respondents showed that the injured respondent was herself without fault and that the object which caused the injury came from a building owned by the appellant, and of which it presumably had the management and control, they made out a *prima facie* case, sufficient, without more, to sustain a recovery against it."

Further, it is claimed that the court erred in giving instructions Nos. 6 and 7, and in refusing to give appellant's requested instructions Nos. 4, 5 and 6, to all of which proper exceptions were taken.

These assignments are to the same purpose, and are justified or not according to the correctness of appellant's contention or theory of the law applicable to the liability of the appellant for the manner in which the sign was attached to the building. Having seen that appellant is in error in that respect, it follows that the exceptions to instructions given, as well as those refused, are without effective merit.

Further, appellant contends that instruction No. 8, on the subject of *res ipsa loquitur,* constituted error as being inapplicable to this case: (1) because the hotel proprietor, and not the appellant, had control of the sign and that part of the building on which it was placed; and (2) because that doctrine, ''as to falling objects, does not apply under the evidence in this case.'' As to the first argument, we have seen that, under the facts in this case, the law is against appellant's contention; while the second argument is against the holdings in this state and the authorities generally.

In *Anderson v. McCarthy Dry Goods Co.,* 49 Wash. 398, 95 Pac. 325, 126 Am. St. 870, 16 L. R. A. (N. S.) 931, which was a case similar in principle to the present one, we took occasion to say:

''The rule is applied to cases of injury from falling objects perhaps more than to any other class of cases, aside from those having to do with common carriers;''

citing a long line of authorities. The rule was held to be applicable in just this kind of case, where the person injured was on a public street at the time the injury was received, having the right to be at such

place at that time, was guilty of no contributory negligence, and was injured by an object falling from a building controlled by the party sued. *Poth v. Dexter Horton Estate,* 140 Wash. 272, 248 Pac. 374, and cases cited.

Further, it is assigned that the court erred in refusing to give appellant's requested instruction No. 7, as follows:

"No. 7. You are instructed that the complaint herein does not allege and no evidence has been introduced to prove that plaintiff's injuries are permanent. Therefore, if you arrive at a verdict for the plaintiff, you will allow her nothing for permanent injury."

Clearly, there was no error in refusing to give the requested instruction for the reasons indicated by the language contained in the requested instruction, viz.: There was neither allegation, issue nor proof of permanency of injuries, no occasion to instruct at all on the subject.

Finally, it is assigned that the verdict is excessive, appearing to have been given under the influence of passion and prejudice. We cannot so hold. The amount was fixed as compensation for severe suffering, loss of time and considerable expense. We can find nothing to indicate passion or prejudice on the part of the jury, nor abuse of discretion on the part of the trial court denying the motion for a new trial.

Affirmed.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.