[No. 10541.  Department One.  December 6, 1912.]

## EMILLINA ROSELLINI, *Respondent*, v. SALSICH LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE APPLIANCES
—ISSUES AND PROOF—EVIDENCE—RELEVANCY.  In an action for per-
sonal injuries through the derailment of a hand car that suddenly
left the track, evidence that one of the brasses upon the boxing of
the front wheels fell out, just before or at the time the car left the
track, is relevant to the issues raised by allegations that the car
was old and generally worn out and unsafe to ride upon.

SAME—SAFE APPLIANCES—MASTER'S DUTY TO INSPECT.  Where a
defective hand car was used on a logging road for the purpose of
transporting a track crew from place to place, the duty of inspec-
tion and furnishing safe instrumentalities is upon the master,
and not upon a member of the crew who was not charged with the
positive duty to keep it in repair; especially where several hand
cars were supplied for the use of the men.

SAME—CAUSE OF ACCIDENT—EVIDENCE—QUESTION FOR JURY—RES
IPSA LOQUITUR.  Where a hand car suddenly left the track, and the
brasses upon the boxing of one of the front wheels came off just
before or at the time the car left the track, and there was some evi-
dence that it was the top brass that came off, which would allow
the wheel to go out of place, there is sufficient evidence of the cause
of the accident to make a *prima facie* case and to require the de-
fendant, whose duty it was to inspect and furnish safe instrumen-
talities, to rebut the same by a reasonable explanation of the cause
of the accident; and in such a case it is unnecessary to resort to
the doctrine of *res ipsa loquitur*.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered January 3, 1912, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by an employee on a

[1]Reported in 128 Pac. 213.

logging road through the derailment of a hand car. Affirmed.

*Hudson, Holt & Harmon*, for appellant.

*Bates, Peer & Peterson*, for respondent.

CHADWICK, J.—Guiseppe Rosellini and some twelve or fourteen others composed a track gang, and were going from one point to another on hand cars on defendant's logging road. The first car (there were two of them) carried the foreman of the work. The road ran down a grade, describing a curve, and then up a grade on the other side. Just as the second car reached the bottom of the grade and, as is most likely, the crew began to pump for the ascending grade, the hand car left the track, throwing Rosellini to the ground with such violence that he was killed almost instantly. Just after the accident, one of the brasses from the boxing on one of the front wheels of the hand car was picked up by a workman, it having fallen out just before or at the time the car left the track. This action was brought by Rosellini's widow, and from a verdict in her favor, defendant has appealed.

Negligence is alleged in that the hand car was "old, worn out, defective, and in want of repair to such an extent that the whole mechanism, running gear, braces, boxing, and bed were loose and rickety, rendering said car unsafe, and making it extremely dangerous for persons to ride upon it." It is contended that the court erred in admitting evidence that the boxing came out, inasmuch as respondent had not proved that the car was defective in any way as alleged in the complaint. Without following appellant's argument, we think it is enough to say that, in our judgment, there was evidence tending to show that the car was out of repair. The testimony offered was relevant to the issue submitted by the complaint. No error prejudicial to the appellant resulted therefrom.

Appellant relies principally upon two propositions of law: (1) that the doctrine of *res ipsa loquitur* does not apply;

and (2) that the cause of the accident is not shown. We shall not follow the very able brief submitted on behalf of appellant; for, as the case presents itself to us, it may be better answered by a general discussion. The real basis of appellant's argument can be found in proposition (2), "Both inspection and user must have been at the time of the injury in the control of the party charged." § 2509, Wigmore on Evidence, quoted in *Lynch v. Ninemire Packing Co.*, 63 Wash. 423, 115 Pac. 838. In other words, the jury having found the instrumentality contributing to the accident to be defective, was its character such, considering its use, as to relieve appellant of the duty of inspection? In *Cole v. Spokane Gas & Fuel Co.*, 66 Wash. 393, 119 Pac. 831, we said:

"The rule seems well established that an implement of simple structure, presenting no complicated question of power, motion or construction, and intelligible in all of its parts to the dullest intellect, does not come within the rule of safe instrumentalities, for there is no reason known to the law why a person handling such instrument and brought in daily contact with it should not be chargeable equally with the master with a knowledge of its defects."

But that case voices an exception to the general rule; that is, the primary duty of inspection or of furnishing a safe instrumentality for doing the work is upon the master; and no contrary presumption arises unless it is shown by competent evidence that the duty is upon the servant in a given case, or that the character of the instrument and the manner of its use were such as to charge the servant with a knowledge of its defects. In this case a permissive rather than a positive duty of keeping the car in order was shown, if any duty was shown, and respondent is entitled to recover unless we can hold, as a matter of law, that a hand car is an instrumentality of such simple construction as to shift the duty from the employer to the employee. We cannot so hold. The hand car was not, in a strict sense, an instrument used in the work Rosellini was engaged to do. It was merely an incident

thereto. It was, so far as the record shows, used in transporting workmen along the line, and this for the benefit of the appellant. This case is stronger and not unlike the case of *Graaf v. Vulcan Iron Works*, 59 Wash. 325, 109 Pac. 1016. There the servant had been employed as a machinist for twelve years. A part of his duty was to truck heavy pieces of iron and machinery from a lathe. Several trucks were furnished for that purpose, any one of which Graaf might have used. While thus engaged, a wheel dropped off of the truck he was then using, in consequence of which he was injured. The same defense was offered there as here, we said:

"There was no duty of inspection cast upon the appellant, either expressly or by implication; nor was the truck in his exclusive use or control. Its use was a mere incident to his main employment as a machinist. It is fundamental that it is the duty of the master to furnish the servant reasonably safe instrumentalities with which to carry on his work, and to maintain them in a reasonably safe condition. Common observation and experience teach that sound appliances do not break when employed in a proper manner and in the use for which they were designed. If they break when so used, it is a circumstance from which it may be inferred either that they were defective in the beginning, or had become so by use."

It occurred to us in the *Graaf* case, and it so occurs now, that where employees may come in contact with one of two or more machines or instrumentalities (here there were two), that are used only in an incidental way, it would be unreasonable to hold the employees to the strict duty of inspection, which is usually applied where the instrumentality is in the sole charge of, or is being directed by a skilled employee. To so hold we would have to say that Rosellini and all of his fellow servants would have to inspect the hand car which they happened to use every time they got onto it. As is well said in the case referred to: "It is apparent that the respondent did not intend such a waste of time and energy."

Nor can we say that the cause of the accident was not sufficiently shown. Much of appellant's argument is predicated upon the assumption that the lower half of the boxing or bushing came off. If this was so, the case would be extremely difficult; for certain elementary laws of physics would make it highly improbable that the car would have left the track so long as its weight was on the axle. But there is some testimony, and it must have been accepted by the jury, tending to show that it was the top brass or bushing which came off; that, if so, "they would certainly have had some trouble . . . caused by the wheel going out of place as far as it could with the other wheel on the opposite side. . . . the flange of the wheel would be running against the rail." In this class of cases, absolute certainty cannot be required. There must be a point where, if a *prima facie* case is made, the burden shifts. It then became the duty of the defendant to meet this *prima facie* case and offer a reasonable explanation of the cause of the accident. *Scarpelli v. Washington Water Power Co.*, 63 Wash. 18, 114 Pac. 870. There being enough in this case to go to the jury, and it having rejected appellant's explanation, we cannot hold, as a matter of law, that the cause of the accident was uncertain or not proved.

We understand this to be a case calling for the application of the doctrine of *res ipsa loquitur*, and will not discuss that principle. We think there is enough in the evidence to show that there was an omission of duty. Appellant insists that the case of *Wilson v. Cain Lumber Co.*, 64 Wash. 533, 117 Pac. 246, is decisive. In that case we held that the master was not bound to exercise more than reasonable diligence to discover a latent defect. Other questions were discussed, but they turned upon the character of evidence offered and have no bearing upon this case.

Judgment affirmed.

MOUNT, C. J., PARKER, CROW, and GOSE, JJ., concur.